**Marguerite SHAKESPEARE, Plaintiff,**

v.

**William WILSON et al., Defendants.**

**No. 65–637–IH.**

United States District Court
S. D. California,
Central Division.

July 18, 1966.

---

Marguerite Shakespeare, in pro. per.

## MEMORANDUM OPINION

IRVING HILL, District Judge.

By separate Order and judgment entered this day, I have dismissed the above-entitled action with prejudice. The dismissal is based on the following two grounds:

1. Plaintiff's Second Amended Complaint is not a short, plain statement, nor is each averment in that pleading simple, concise and direct as required by Rules 8(a) (2), (e) (1) of the Federal Rules of Civil Procedure. (See discussion at I(A) which follows.) In further support of dismissal for violation of Rule 8, I find that Plaintiff makes no statement showing that she is entitled to relief under the terms of the Civil Rights Act, 42 U.S.C. § 1981 et seq., to the extent required by Rule 8(a) (2). (See discussion at I(B) which follows.)

2. Plaintiff has twice failed to comply with Orders of the Court that an amended complaint be filed meeting the requirements of Rule 8, and was on notice that a second failure to comply would result in the dismissal of the action with prejudice. The dismissal with prejudice is therefore authorized under Rule 41(b). (See discussion at II which follows.)

## BACKGROUND

This action, filed in pro. per., is a typical example of the kind of action being filed with increasing frequency under the provisions of the Civil Rights Act of 1871, 42 U.S.C. §§ 1981–1986. Having been defeated in state court proceedings and being unhappy and somewhat humiliated and frustrated by the results of such proceedings, these persons lash out at judges, attorneys, witnesses, court functionaries, newspapers and anyone else in convenient range, terming all of them corruptly evil and charging them with perjury and conspiracy in a last desperate effort to re-litigate the issues on which they have once lost and hoping to secure sizeable damages to boot.

As best I can determine, after careful scrutiny of the voluminous papers she has filed in this Court, this Plaintiff's grievance stems from her involvement in ten separate state court proceedings as follows:

1. A suit by Plaintiff's foster son for specific performance of an alleged contract to purchase a piece of real estate in Pasadena. The trial court apparently held that there never was a legally binding obligation.

2. Appeal of the adverse judgment in the specific performance action by Plaintiff claiming to be an assignee of the alleged contract.

3. Suit by Plaintiff for breach of the same alleged contract after the specific performance action failed.

4. Request for, and issuance of, an injunction restraining Plaintiff from going on certain property in Pasadena.

5. Suits by Plaintiff against the State Court Commissioner who issued, and the attorney who requested, the injunction.

6. Trial and acquittal of Plaintiff for trespass in a criminal case following a citizen's arrest by the owner of the Pasadena property.

7. Suit by Plaintiff against the private person who arrested her.

8. Suit by Plaintiff against the City of Pasadena for damages arising from the above citizen's arrest, the consequent detention and trial, and from a later 25-minute detention by Pasadena police officers.

9. Cross-Complaint by Plaintiff for abuse of process in an action against her to have a *lis pendens* on the Pasadena property removed.

10. Divorce or support proceedings involving Plaintiff's foster son.

Except for her acquittal on the trespass charge (#6 above), Plaintiff and her foster son appear to have lost every one of these proceedings.[1]

I(A) *The Need for a Short, Plain Statement and Simple, Concise and Direct Averments in a Pleading. Rules 8(a) (2) and 8(e) (1).*

Plaintiff alleges a broad conspiracy designed to deprive her of the Pasadena property and to defeat her in her attempts to seek legal redress in the state civil actions, and to injure her reputation, health, mental wellbeing and her business. She inserts into her pleading a separate "Complaint in Equity" asking that the Pasadena property be made hers and that the state court determination in the specific performance suit be set aside. She asks this Court to subject twenty-one Judges and Justices of the State Courts to damages for vague acts of misconduct, including intimidation, fraud, malice, misrepresentation and oppressive motion and trial settings. She asserts what appear to be claims based on defamation, infliction of emotional distress, perjury and perhaps other state law remedies. By inserting references in the Complaint to "equal protection" and "due process" Plaintiff seeks to give her difficulties and frustrations the character of Constitutional deprivations.

But Constitutional deprivations are not Plaintiff's real grievance. A close reading of her papers indicates that her real complaint is encompassed in repeated protestations concerning her hurt feelings, humiliation, emotional upset and adverse publicity.[2]

After repeated chances to clarify her pleading, Plaintiff has still not shown what overt act or acts each defendant has committed either under color of law (42 U.S.C. § 1983) or in furtherance of the alleged conspiracy (42 U.S.C. § 1985(3)). Her whole pleading is a mixture of conclusions of law, evidentiary statements, irrelevant pejoratives, conjecture and random remarks which defy rational understanding and comprehension.

It appears evident that the adjectives used to describe complaints in other cases, as grounds for dismissal for violations of Rule 8, are equally apt here. Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965), cert. denied 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965) (verbose, confused and redundant); Collier v. First Michigan Cooperative Housing Ass'n, 274 F.2d 467, 469 (6th Cir. 1960) (prolix and muddled); Benner v. Philadelphia Musical Society, Local 77, A. F. of M., 32 F.R.D. 197, 198 (E.D.Pa. 1963) (prolix, argumentative and conclusionary); Martin v. Hunt, 28 F.R.D. 35–36 (D.Mass.1961) (argumentative, redundant and verbose); Mottaghi-Iravani v. International Commodities Corp., 20 F.R.D. 37 (S.D.N.Y.1956) (disparate and unrelated allegations); cf. also Carrigan v. California State Legislature, 263 F.2d 560 (9th Cir. 1959), cert. denied 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed.2d 929 (1959).

Therefore, I hold that Plaintiff's Second Amended Complaint should be dismissed for violation of the Rule 8 requirements of brevity, clarity, simplicity and succinctness in pleading. Vague, imprecise allegations such as those set forth in the pleadings herein, do not give fair notice of plaintiff's claims, nor are the elements of claims which might be

---

1. Among her manifold causes of action are several which touch on the said acquittal. This, too, is typical of much of the litigation now being filed by pro. per. plaintiffs under the Civil Rights Act. Having been found not guilty of a criminal charge in the state courts, they seek vindication in this court under the Civil Rights Act as a substitute for the more onerous and difficult malicious prosecution and false arrest actions provided by state law.

2. See e. g. page 1, line 19; page 2, lines 10, 14–15; page 3, line 26; page 5, lines 9, 15; page 6, lines 13, 27–28, 31–32; page 7, line 26; page 8, lines 5, 29; page 9, line 28; page 11, line 3; page 17, line 10; page 18, lines 18–19.

**504**

set out under the Civil Rights Act, 42 U.S.C. § 1981 et seq., set forth plainly and succinctly. Defendants should not be required to respond to such a pleading either by motion or answer where the requirements of Rule 8 are so flagrantly violated. Cf. Kelley v. Boettcher, 85 F. 55, 60–61 (8th Cir. 1898). See also Metropolitan Theatre Co. v. Warner Bros. Pictures, 12 F.R.D. 516, 518 (S.D. N.Y.1952); Buckley v. Altheimer, 2 F.R.D. 285, 286–287 (N.D.Ill.1942); Renshaw v. Renshaw, 80 U.S.App.D.C. 390, 153 F.2d 310–311 (1946).

I(B) *The Need for a Statement of the Claim Showing That the Pleader is Entitled to Relief. Rule 8(a) (2).*

■ In a case such as this where disappointed litigants in the state courts seek to bring dozens of defendants into the federal courts solely as an expression of hurt feelings and dissatisfaction with the results in the state tribunals, this Court should of its own initiative exact compliance with the Rule 8 requirement that the pleading be a statement showing that the pleader is entitled to relief.

This does not mean that the Court will anticipate possible defenses which a defendant might raise as grounds for dismissing a complaint under Rule 12(b) (6) for failure to state a claim. It merely means that, at the outset, the pleading must show that the pleader is entitled to relief with sufficient clarity that a defendant is on notice of the acts charged against him in order to be able to frame a defense. It also means that the Court will be in a position to see that there is some legal basis for recovery. This is particularly important in the Civil Rights Act area, where on scrutiny it is often revealed that a plaintiff is trying to use the Civil Rights Act as a way of "appealing" a state court judgment, or where the Plaintiff is trying to raise solely state law claims, e. g., false imprisonment or malicious prosecution.[3]

■ Thus, apart from the need for a short and plain statement as well as simple, concise and direct averments, Rule 8 would seem to require in a case of this type that Plaintiff set forth with some specificity the acts allegedly depriving her of Constitutional rights, as well as the nature of the Constitutional rights involved in each instance. While Plaintiff's pleading is verbose, allegations most pertinent to a claim under the Civil Rights Act, 42 U.S.C. § 1981 et seq., are not set forth at all.

■ This added requirement of Rule 8 is particularly applicable herein, since facts which Plaintiff does allege with some specificity place her action outside the usual realm of possible relief under the Civil Rights Act. Eight of her causes of action relate to fraud allegedly practiced, and errors allegedly committed, by state court Judges and Justices. Judges and Justices acting in their judicial capacities consistently have been held to be immune under the Civil Rights Act. See Haldane v. Chagnon, 345 F.2d 601 (9th Cir. 1965).

■ Private persons are named as defendants under the claim that they were acting in an alleged conspiracy with the

3. It has been held that state claims, including those for false imprisonment or malicious prosecution, cannot be asserted in a Federal Court absent diversity of citizenship, either under the Civil Rights Act or on the basis of pendent jurisdiction where claims under the Act are without merit. Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), cert. denied 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1964); Bradford v. Lefkowitz, 240 F.Supp. 969 (S.D.N.Y. 1965); Vechiola v. City of Chicago, 244 F.Supp. 45 (N.D.Ill.1965); Rogers v. Provident Hospital, 241 F.Supp. 633 (N.D.Ill.1965). For cases involving attempts to use the Civil Rights Act to serve as "appeal" in the Federal Court, see East Crossroads Center, Inc. v. Mellon-Stuart Company, 245 F.Supp. 191 (W.D.Pa.1965); Kamsler v. Chicago-American Publishing Company, 352 F.2d 57 (7th Cir. 1965); Moffett v. Commerce Trust Co., 187 F.2d 242 (8th Cir. 1951), cert. denied, 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618 (1951).

state court Judges and Justices. Private persons named as defendants acting in any alleged conspiracy with state court Judges and Justices who would be immune, could not be held liable, since they are not conspiring with persons acting under color of law "against whom [Plaintiff] could state a valid claim" under 42 U.S.C. § 1985(3). Haldane v. Chagnon, supra. Nor could these private persons be held liable under 42 U.S.C. § 1983 unless they were acting under color of law. Plaintiff does not show how this is even conceivably possible under the test noted in United States v. Price, 383 U.S. 787, at p. 794, fn. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1965).

■ It also appears that even if private persons are charged with conspiring among themselves alone, the conspiracy charged does not reach the proportion where it could be cognizable under the Civil Rights Act because it would not deprive Plaintiff of equal protection or equal privileges and immunities. See Bryant v. Donnell, 239 F.Supp. 681, 687–688 (W.D.Tenn.1965); Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). Alleged injury to reputation, similar to that alleged by Plaintiff herein, was held to be no ground for relief under the Civil Rights Act in Temple v. Pergament, 235 F.Supp. 242 (D.N.J.1964), affirmed 343 F.2d 474 (3rd Cir. 1965). (See, inter alia, Plaintiff's Fifth Cause of Action.) Nor can a claim be stated on the basis of private citizen's arrest according to Bryant v. Donnell, supra.

Other aspects of Plaintiff's claim appear so insubstantial as to be not cognizable under the Civil Rights Act. This may be said of the claim of Plaintiff for damages based on a 25-minute detention of Pasadena police which was held not to constitute an arrest by the state court and Plaintiff's claim of ministerial negligence in locating certain court files and papers which allegedly deprived her of a fair appeal in her foster son's specific performance action.

It is apparent to me that Plaintiff has done no more than list a number of disparate circumstances which have caused her difficulty and frustration, characterized these setbacks as injuries, or the cause of injuries, and proceeded to the assumption that for every injury there is a remedy. Plaintiff in effect says no more than that she is entitled to relief because she desires relief.

■ Under Rule 8 a pleader "is still required to disclose adequate information as the basis for his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it." Advisory Committee Report of October, 1955, Comment on Rule 8. Some "judicially cognizable statement" must appear. See Temple v. Pergament, supra, at p. 244; Daves v. Hawaiian Dredging Co., 114 F.Supp. 643, 645 (D.Hawaii 1953); East Crossroads Center, Inc. v. Mellon-Stuart Company, supra, 245 F.Supp. at pp. 192–193; 2 Moore's Federal Practice ¶ 8.13, pp. 1704–1705.

II. *Failure to Comply with the Court's Orders. Rule 41.*

■ A brief description of the prior proceedings in this action, as disclosed by the record, is appropriate with regard to dismissal of the action with prejudice, for failure to comply with Orders of the Court. Plaintiff originally filed fragmentary papers on three different occasions commencing April 23, 1965. On the Court's own motion, by an Order filed October 8, 1965, these fragmentary papers were ordered stricken on the ground that no plain and simple statement was set forth therein as required by Rule 8. Plaintiff was given thirty days to amend. On November 8, 1965, Plaintiff filed a new amended complaint. This was again ordered stricken by Order filed December 20, 1965, again for repeated violation of Rule 8. In said Order the Court said:

"This complaint comprises a single continuous document, running 61 pages,

exclusive of the prayer. Although the pleading has been reduced somewhat in length, it is substantially the same complaint as the one first filed. The same defects which affected the old pleadings are duplicated in the new. There is still much evidential and irrelevant matter, including observations, conjectures and inferences personal to the Plaintiff. There is also much unnecessary history and background interwoven in an unclear and disconnected way among nineteen separate 'causes of action'. Neither the nature of the 'rights' of which Plaintiff has been allegedly deprived, nor the precise events resulting in such an alleged deprivation, are set forth plainly and simply as the Federal Rules require. The various roles played by the sixty-four defendants named, and the connection which the acts of these defendants bears to the rights of Plaintiff, must be in sharper focus if any among these defendants are to be required to answer the allegations set forth therein. It is impossible to understand the nature of Plaintiff's claims."

The Court then afforded Plaintiff thirty days further within which to file a second amended complaint. With respect thereto, the Order further provided:

"Such Second Amended Complaint shall consist of a short and plain statement of her claim or claims, each averment of which is simple, concise and direct. Said Second Amended Complaint shall not include evidentiary matter, personal conjecture or claims of any other person beside Plaintiff herself. It shall, as to each defendant, allege what specific acts said defendant did in furtherance of the alleged broad conspiracy. In referring to court proceedings (a great number of which are apparently involved) Plaintiff shall in each instance specify which proceeding, its title and case number, its nature and the specific order or adjudication alleged to have deprived Plaintiff of some right and the specific nature of the right.

"If Plaintiff * * * again files an amended complaint which does not comply with this Order, the Court will enter a dismissal of the action without further leave to amend."

As yet Plaintiff has apparently served none of the sixty defendants named in the Second Amended Complaint. She has flagrantly disregarded every requirement which the Order specifies as to the form of the pleading. The Court, under such circumstances, is not required to wait for motions of dismissal before dismissing the action with prejudice. There is ample authority for this type of dismissal under Rule 41(b). See Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964), cert. denied 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70 (1964); Maddox v. Shroyer, 112 U.S.App.D.C. 318, 302 F.2d 903 (1962), cert. denied 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962); Martin v. Hunt, 29 F.R.D. 14 (D.Mass.1961); Blake v. De Vilbiss Co., 118 F.2d 346 (6th Cir. 1941); 5 Moore's Federal Practice ¶ 41.11[2], pp. 1115–1118; cf. Link v. Wabash R. Co., 370 U.S. 626, 629–636, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).