**George JEMZURA, Plaintiff,**

**v.**

**Kathleen BELDEN, Joseph J. Benenati, Jr., David F. Lee, Jr., Edward J. Lee, Lynn N. Peterson and Joe Schapiro, Defendants.**

**Civ. A. No. 67–CV–347.**

United States District Court
N. D. New York.

Feb. 16, 1968.

George Jemzura, pro se.

Lynn N. Peterson, Norwich, N. Y., for defendants Belden and Peterson.

James H. Haynes, Chenango County Atty., Norwich, N. Y., for defendant Benenati.

Joseph A. Romano, Asst. Atty. Gen., Albany, N. Y. (Louis J. Lefkowitz, Atty. Gen., Donald C. Glenn, Asst. Atty. Gen., and Grace K. Banoff, Assoc. Atty., Albany, N. Y., on the brief) for defendant David F. Lee, Jr.

Clarence D. Rappleyea, Jr., Norwich, N. Y., for defendant Edward J. Lee.

Joe Schapiro, Hamilton, N. Y., for defendant Schapiro.

TIMBERS, District Judge.*

### QUESTION PRESENTED

This action was brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 (jurisdiction to sue in this Court being invoked pursuant to 28 U.S.C. § 1343 (3)), to recover damages in excess of a million dollars from certain state officials and attorneys whose alleged conduct under color of state law—in one way or another said to be related to plaintiff's unsuccessful marital litigation in the Family Court of Chenango County—is claimed to have deprived plaintiff of federally protected rights.

The threshold question presented, where concededly there is an absence of diversity jurisdiction, is whether there is federal question jurisdiction pursuant to 28 U.S.C. § 1331(a).

After holding hearings at Syracuse on January 8 and 22, 1968, and upon consideration of the complaint, motions, briefs, affidavits, exhibits and all papers filed herein, the Court concludes that no substantial federal question is presented. Accordingly, the action is dismissed for lack of subject matter jurisdiction, with costs to defendants.

### PARTIES TO THE ACTION

The sole plaintiff and all six defendants are citizens of the State of New York.

Plaintiff, a resident of Sherburne, N. Y., alleges that he is engaged in the construction business, the rental business, the business of operating custom farming equipment and "is actively engaged in the political field."

At the time of the acts complained of, defendant Kathleen Belden (now Kathleen Belden Tamsett), a resident of Norwich, N. Y., was the Clerk of the Family Court of Chenango County.

Defendant Joseph J. Benenati, Jr., a resident of Norwich, N. Y., is the Sheriff of Chenango County.

Defendant David F. Lee, Jr., a resident of Norwich, N. Y., is a Justice of the Supreme Court of the State of New York.

Defendant Edward J. Lee, a resident of Norwich, N. Y., is a practicing member of the bar of the State of New York and is one of five members of the Board of Trustees of the David L. Follett Memorial Library—a Supreme Court Library—at Norwich, having been appointed to the Board of Trustees by the Governor pursuant to N.Y. Judiciary Law § 827 (McKinney Supp.1967).

Defendant Lynn N. Peterson, a resident of Norwich, N. Y., is the County Judge, Family Court Judge and Surrogate of Chenango County.

Defendant Joe Schapiro, a resident of Hamilton, N. Y., is a practicing member of the bar of the State of New York and represented plaintiff's wife, Ruth Jemzura, in marital litigation in the New York state courts.

### PLAINTIFF'S CLAIMS

Plaintiff's rambling complaint, filed herein November 7, 1967, is something less than a model of clarity. Viewing his claims, however, in the light most favorable to plaintiff, as gleaned from his complaint, his affidavits, his statements in open court and all other papers and proceedings before this Court, the following are plaintiff's essential claims in this action:

(1) *First Cause of Action* ($1,000,000 Damages Demanded)

> That during the period from November 4, 1964 to January 4, 1967, defendants Belden, Benenati, Peterson and Schapiro conspired to deprive plaintiff of due process of law by having him arrested for contempt of an order of the Chenango County Family Court which directed him to pay $50 per week for the support of his two minor children—the gravamen of plaintiff's grievance being the technical defects of failing to file the Family Court support

---

* Chief Judge of the District of Connecticut, sitting by designation.

order of November 4, 1964 in the Chenango County Clerk's Office (N. Y. Family Court Act § 217 (McKinney Supp.1967)) and failing to have the order signed by the Clerk of the Chenango County Family Court or by the Chenango County Clerk (N.Y. CPLR § 5016(a) (McKinney 1963)), although the support order was signed by the Family Court Judge after a hearing at which plaintiff was represented by counsel and plaintiff was fully aware of the support order.

(2) *Second Cause of Action* ($10,000 Damages Demanded)

That on November 6, 1964, defendants Belden and Peterson refused plaintiff's request for a transcript of the November 4, 1964 hearing on the ground he was not an attorney; and on December 30, 1964 said defendants conspired to cause plaintiff's wife to sign a petition to bring plaintiff before the Family Court for a hearing for non-compliance with the support order of November 4, 1964, after which a warrant was issued for his arrest for contempt of said order (also referred to in the Third Cause of Action, infra).

(3) *Third Cause of Action* ($1,000,000 Damages Demanded)

That on December 30, 1964, defendants Benenati and Peterson conspired to deprive plaintiff of equal protection of the laws by having him arrested pursuant to an arrest warrant issued by Judge Peterson (N.Y. Family Court Act § 453 (McKinney 1963)) upon the verified petition of plaintiff's wife that plaintiff had failed to obey the Family Court order of November 4, 1964 with respect to supporting his minor children and removing himself from the home— the gravamen of plaintiff's grievance being, in addition to the technical defects regarding the order referred to in the first cause of action, supra, that plaintiff without a hearing was held in excessive bail

of $2,500 to secure past and future payments of support (N.Y. Family Court Act § 153 (McKinney 1963)), although immediately upon being arrested by Sheriff Benenati, and at the telephone direction of Judge Peterson, plaintiff was released upon posting $500 cash bail for appearance in the Family Court (N.Y. Family Court Act § 155 (McKinney 1963)).

(4) *Fourth Cause of Action* ($5,000 Damages Demanded)

That during the period from 1965 to November 6, 1967, defendants Benenati, David F. Lee, Jr., and Edward J. Lee conspired to deprive plaintiff of equal protection of the laws by refusing him access to the Supreme Court Library at Norwich on the days it was closed; and, after granting him access, by refusing to permit him to take books out of the library, thus "denying the plaintiff an opportunity to a higher education."

(5) *Fifth Cause of Action* ($10,000 Damages Demanded)

That on November 4, 1964, after conclusion of the testimony in the separation action, defendants Peterson and Schapiro conspired to have the order of the Family Court changed to require plaintiff, rather than his wife, to move out of the house; and on January 4, 1967, defendants Peterson and Schapiro conspired to have the support order of the Family Court amended by requiring plaintiff to pay $75 per week for the support of his minor children, plaintiff claiming this to be unjust in view of his "$1800 business loss" during 1966.

In addition to the foregoing, plaintiff has asserted other miscellaneous claims. His allegations also overlap from one cause of action to another. The Court has considered all of plaintiff's claims, wherever asserted and in whatever form. The summary set forth above is believed to be a fair statement of his essential

claims, expressed in the light most favorable to plaintiff.

### DEFENDANTS' CLAIMS

Each of the defendants has moved, pursuant to Rule 12(b) (1) and (6), Fed.R.Civ.P., to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

Defendants David F. Lee, Jr., and Peterson, having acted in their capacities as state judges, claim judicial immunity; and defendants Belden and Benenati, having acted in their capacities as officers of the state courts and under judicial direction, claim immunity.

Defendant Schapiro, being an attorney and not having acted as a state official, claims that his actions were not taken under color of state law within the meaning of the Civil Rights Act.

Defendants also claim adequate state remedies are available to plaintiff, of which he has not availed himself or which he has not exhausted, certain of the defendants having been sued by plaintiff in the New York state courts to recover damages in excess of a million dollars based on the same alleged acts which are the subject of the instant action but cast in causes of action for false arrest, malicious prosecution, abuse of process and a proceeding under N.Y. CPLR Art. 78 (McKinney 1963).

### OPINION

*Failure To Comply With Rule 8*

Plaintiff's rambling, almost incomprehensible, complaint appropriately could be dismissed on the Court's own motion on the ground that it does not comply with the requirements of Rule 8(a), Fed.R. Civ.P., that a pleading must contain "a short and plain statement" of jurisdictional grounds and of a claim showing the pleader is entitled to relief; nor does it comply with the requirements of Rule 8(e) (1) that each averment of a pleading shall be "simple, concise and direct." 2A Moore's Federal Practice ¶ 8.13, at 1704–1705 (2d ed. 1967); Curry v. Ragan, 257 F.2d 449 (5 Cir. 1958), cert. denied, 358 U.S. 851 (1958). In dismissing such a complaint on its own motion for failure to comply with Rule 8, the court in Shakespeare v. Wilson, 40 F.R.D. 500, 504 (S.D.Cal.1966), stated:

> "This is particularly important in the Civil Rights Act area, where on scrutiny it is often revealed that a plaintiff is trying to use the Civil Rights Act as a way of 'appealing' a state court judgment, or where the Plaintiff is trying to raise solely state law claims, e. g., false imprisonment or malicious prosecution."

In the same case, the court made this observation which is relevant to the instant action (Id. at 502):

> "This action, filed in pro. per., is a typical example of the kind of action being filed with increasing frequency under the provisions of the Civil Rights Act of 1871, 42 U.S.C. §§ 1981–1986. Having been defeated in state court proceedings and being unhappy and somewhat humiliated and frustrated by the results of such proceedings, these persons lash out at judges, attorneys, witnesses, court functionaries, newspapers and anyone else in convenient range, terming all of them corruptly evil and charging them with perjury and conspiracy in a last desperate effort to re-litigate the issues on which they have once lost and hoping to secure sizeable damages to boot."

Nevertheless, since other defects of a more fundamental nature are present in the instant action, the Court believes it is more appropriate, viewing plaintiff's claims in the light most favorable to him, to place its decision squarely on the lack of subject matter jurisdiction raised by defendants' motions to dismiss. Cranney v. Trustees of Boston University, 139 F.Supp. 130, 131, 133 (D.Mass.1956).

*Lack of Subject Matter Jurisdiction*

The clearest demonstration that plaintiff's complaint does not present a

substantial federal question is the statement of his essential claims summarized above. "Where jurisdiction is asserted to exist on the basis of a federal question, that question must be a substantial one and must form an integral part of the complaint. A mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not a sufficient or adequate basis upon which federal jurisdiction may attach." Screven County v. Brier Creek Hunting & Fishing Club, 202 F.2d 369, 370 (5 Cir. 1953), cert. denied, 345 U.S. 994 (1953).

■ Moreover, federal jurisdiction having been invoked by plaintiff and having been challenged by defendants, the burden is upon plaintiff to establish to the satisfaction of the Court that it does have jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); United States v. Montreal Trust Co., 358 F.2d 239, 242 n. 4 and 245 n. 2 (2 Cir. 1966), cert. denied, 384 U.S. 919 (1966).

Reduced to its essence, plaintiff's grievance is his displeasure with the results of marital litigation in the New York state courts in which he has been uniformly unsuccessful. Seizing upon alleged technicalities with respect to claimed omissions to have a Family Court order signed by a clerk and filed in a clerk's office and grafting upon those technicalities further claims of having been arrested, held in excessive bail, denied a transcript, refused a library key, ordered to move out of his house and required to pay more support than he believes is just, he now alleges a conspiracy among four state officials and two attorneys to deprive him of due process and equal protection in violation of the Civil Rights Act, for which he seeks damages in excess of a million dollars in this Court, having previously sued some of the defendants to recover similar seven-figure damage claims in the New York state courts based on the same alleged acts but there characterized as causes

of action for false arrest, malicious prosecution, abuse of process and a proceeding under CPLR Article 78. Plaintiff's claims have been weighed but found wanting by the New York state courts.

■ Plaintiff's claims utterly fail to raise any substantial federal question; they are "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682–683 (1946); see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Powell v. Workmen's Compensation Board, 327 F. 2d 131, 137–138 (2 Cir. 1964); Curry v. Ragan, supra; Screven County v. Brier Creek Hunting & Fishing Club, supra. The action accordingly is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b) (1), Fed.R.Civ.P.

*Failure To State Claim Upon Which Relief Can Be Granted*

Having thus determined the threshold jurisdictional question by holding that the Court lacks subject matter jurisdiction, it is unnecessary (and, in my view, inappropriate) to rule on the other claims raised by defendants, including their motions to dismiss for failure to state a claim upon which relief can be granted. Tkaczyk v. Gallagher, 259 F.Supp. 584, 587 (D.Conn.1966), appeal dismissed by Court of Appeals on September 19, 1966, cert. denied, 386 U.S. 1013 (1967); see T. B. Harms Company v. Eliscu, 339 F.2d 823, 828–829 (2 Cir. 1964), cert. denied, 381 U.S. 915 (1965).

■ Nevertheless, lest it be said that the Court should assume jurisdiction to determine whether the complaint states a cause of action upon which relief can be granted, Bell v. Hood, supra, at 681–683; Pennsylvania v. Brown, 260 F.Supp. 323, 332 (E.D.Pa.1966), modified on other grounds, 373 F.2d 771 (3 Cir. 1967), the Court in the alternative holds that the instant complaint fails to state a claim upon which relief can be granted and is dismissed pursuant to Rule 12(b) (6), Fed.R.Civ.P.

■ There are two essential elements requisite to a cause of action under the

Civil Rights Act: (1) that the conduct complained of must have been done by some person acting under color of state or local law; and (2) that such conduct deprived plaintiff of rights, privileges or immunities secured to him by the Constitution and laws of the United States. Assuming that the instant complaint complies with the first essential element as to some of the named defendants, it is totally deficient as to the second. It does not allege deprivation of any federally protected right, privilege or immunity. Powell v. Workmen's Compensation Board, supra, at 136–137; cf. Birnbaum v. Trussell, 371 F.2d 672 (2 Cir. 1966).

In view of the Court's dismissal of the action for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted, other claims raised by defendants need not be ruled upon. Certain of these claims, however, may be noted in passing.

Defendants David F. Lee, Jr., and Peterson, as state judges, claim, and clearly are entitled to, judicial immunity. Common law immunity of judges from liability for damages for acts committed within their judicial jurisdiction, Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872), was not abolished by 42 U.S.C. § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. Pierson v. Ray, 386 U.S. 547, 554 (1967); Fanale v. Sheehy, 385 F.2d 866 (2 Cir. 1967).

Whether such immunity would extend to defendants Belden and Benenati with respect to their acts as officers of the state courts and under judicial direction, presents a closer question. Compare Birnbaum v. Trussell, 347 F.2d 86, 88–89 (2 Cir. 1965), with Fanale v. Sheehy, supra, at 868–869, Haldane v. Chagnon, 345 F.2d 601, 604 (9 Cir. 1965), and Curry v. Ragan, supra, at 450; see Pierson v. Ray, supra, at 555–558.

Defendant Schapiro, whose acts were those of an attorney performed in his professional capacity, did not act as a state official and therefore his conduct complained of was not action taken under color of state law within the meaning of the Civil Rights Act. Christman v. Pennsylvania, 275 F.Supp. 434, 435 (W. D.Pa.1967). He could not conspire with Judge Peterson who is immune under the Civil Rights Act. Haldane v. Chagnon, supra, at 604–605; Bottone v. Lindsley, 170 F.2d 705 (10 Cir. 1948). And it is not alleged that he conspired with anyone else.

Plaintiff's claim that defendants Benenati, David F. Lee, Jr., and Edward J. Lee, in refusing him access to the Supreme Court Library at Norwich on the days it was closed, deprived him of equal protection of the laws by denying him "an opportunity to a higher education", is utterly frivolous; certainly it presents no substantial federal question. Flemming v. Adams, 377 F.2d 975, 977–978 (10 Cir. 1967), cert. denied, 389 U.S. 898 (1967).

Finally, this Court wishes to make it crystal clear that its decision dismissing the instant action for lack of subject matter jurisdiction or, in the alternative, for failure of the complaint to state a claim upon which relief can be granted, is *not* based upon plaintiff's failure to exhaust state remedies—a claim raised by each of the defendants. See McNeese v. Board of Education, 373 U.S. 668 (1963); Monroe v. Pape, 365 U.S. 167, 183 (1961); Wright v. McMann, 387 F.2d 519 (2 Cir. 1967); Birnbaum v. Trussell, 371 F.2d 672, 680 (2 Cir. 1966) (concurring opinion); Powell v. Workmen's Compensation Board, supra, at 135–136.

*Conclusion*

There is abroad in the land a notion that the Civil Rights Act has vested in the federal courts the function of an Ombudsman—to review any grievance, no matter how petty, stemming from the aggrieved party's unsuccessful results in state court litigation. Nothing could be further from the Congressional purpose.

Paraphrasing Judge Waterman's apt observation in Powell v. Workmen's Compensation Board, supra, at 137 (applied to the instant case):

> "Indeed, were we to hold this complaint sufficient, we would be inviting every party to a state proceeding angered at [adverse results in marital litigation] to file a complaint in this court reciting the history of his state case and concluding with a general allegation of conspiracy."

Recognizing that "courts are established to hear complaints and to listen to all those which may have substance, however small may be the proportion of those which have merit," Wright v. McMann, supra, at 743 (concurring opinion), this Court holds that the complaint in the instant case, viewed in the light most favorable to plaintiff, utterly fails to raise any substantial federal question whatsoever.

## ORDER

ORDERED that:

(1) Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Rule 12(b) (1), Fed.R. Civ.P.

(2) In the alternative, plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. Rule 12(b) (6), Fed.R.Civ.P.

(3) Plaintiff's motion for leave to proceed in this Court in forma pauperis is denied, plaintiff not having complied with the statute and his complaint being wholly frivolous. 28 U.S.C. § 1915.

(4) The Clerk of this Court is directed to enter judgment dismissing the complaint and to tax a separate bill of costs in favor of each named defendant.