Saul STAMBLER, Rose Stambler, Empire Park, Inc. (a defunct corporation), Empire Park, Inc., Prudential Operating Co., Inc., Plaintiffs,

v.

John J. DILLON, Title Guarantee Co., Peter Wasylec, Marcy Finke, George B. Gordon, David Avstreih, Leonard Weiss, John J. O'Malley, County Dollar Corporation, Defendants.

No. 68 Civ. 537.

United States District Court
S. D. New York.

June 23, 1969.

Saul Stambler, Rose Stambler, pro se.

Louis J. Lefkowitz, Atty. Gen., of State of New York, for defendant John J. Dillon; Mortimer Sattler, New York City, of counsel.

Avstreih, Martino & Weiss, Mt. Vernon, for defendants David Avstreih, Leonard Weiss, Peter Wasylec; Leonard A. Weiss, Mount Vernon, of counsel.

Daniel Goldberg, New York City, for defendant George B. Gordon.

Finke, Jacobs & Hirsch, New York City, for defendant Marcy Finke; Louis Gruss, New York City, of counsel.

John J. Boyle, New York City, for defendants County Dollar Corporation, Title Guarantee Co., John J. O'Malley.

## OPINION

### HERLANDS, District Judge:

The amended complaint in the instant action alleges that the defendants acted and conspired in such a way as to violate various civil rights statutes, *inter alia*, 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1994, and the Fifth, Sixth, Thirteenth and Fourteenth Amendments to the United States Constitution. Plaintiffs assert that jurisdiction arises under 28 U.S.C. §§ 1331, 1332 and 1343; and declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

Answers by all the defendants except Justice Dillon assert the defenses of lack of subject matter jurisdiction, lack of in personam jurisdiction, res judicata and failure to state a claim upon which relief can be granted.

By this group of motions all the defendants move to dismiss the amended complaint under Fed.R.Civ.P. 12(b) (1), (2) and (6) for lack of subject matter jurisdiction; lack of jurisdiction over the person; for failure to state a claim; and, alternatively, defendants urge the Court to grant summary judgment dismissing the complaint for failure to state a claim. An injunction prohibiting the plaintiffs from continuing the instant action any further is also sought along with sanctions and costs.

The Court finds it unnecessary to consider matter submitted outside the pleadings and hereby holds that the amended complaint fails to state a claim for relief as against any and all the defendants.

■ Because plaintiffs appear *pro se* and raise claims under the Civil Rights Statutes, 42 U.S.C. § 1981 *et seq.*, the Court has given a liberal reading to the amended complaint but still finds it entirely inadequate for reasons elaborated upon below.

■ Where a litigant raises claims under the Civil Rights Statutes, even though a complaint appears to be insubstantial, the more judicious approach is to assume jurisdiction and then decide whether the pleading states a claim for relief. *See, e. g.,* United States v. Guest, 383 U.S. 745, 756, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966); Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Rhodes v. Meyer, 334 F.2d 709 (8th Cir. 1964), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Jemzura v. Belden, 281 F.Supp. 200 (N.D.N.Y.1968); Joe Louis Milk Co. v. Hershey, 243 F.Supp. 351 (N.D.Ill. 1965); Olson v. Board of Ed., 250 F. Supp. 1000 (E.D.N.Y.1966); Campbell v. Glenwood Hills Hospital, Inc., 224 F. Supp. 27 (D.Minn.1963).

### The Amended Complaint

The facts alleged in the amended complaint indicate that plaintiffs were unsuccessful parties in three civil actions consolidated and tried before Justice Dillon in the New York State Supreme Court, in and for the County of Westchester. The defendants in the instant action include Justice Dillon, the successful parties in the state court actions, their counsel, a trial witness and others alleged to have participated in certain real estate transactions which were the subject matter of those actions.

■ The amended complaint alleges a conspiracy between Justice Dillon and the other defendants to deprive plaintiffs of their property without due process of law and in violation of the equal protection clause of the fourteenth amendment and other constitutional rights, and seeks an order declaring the state court judgment null and void, a permanent injunction restraining all defendants from enforcing that judgment, and damages in the amount of $500,000. from all the defendants other than Justice Dillon.[1]

---

1. Judicial notice may be taken that the judgment in the state court actions was unanimously affirmed on June 12, 1967 by the Appellate Division, Second Department. Wasylec v. Stambler, 28 A.D.2d 825; County Dollar Corp. v. Empire Park, 28 A.D.2d 822; Prudential Operating Co. v. Wasylec, 28 A.D.2d 824; all three decisions reported in 282 N.Y.S. 2d 465. Appeals were taken to the New

*Prior Proceedings*

1. This Court denied a preliminary injunction on March 28, 1968 noting that "there is more than a substantial doubt whether there is subject matter jurisdiction and whether plaintiffs have stated a claim upon which relief can be granted." [2]

2. On July 13, 1968, Judge McGohey granted Justice Dillon's motion for summary judgment dismissing the complaint for failure to state a claim under §§ 1981, 1982, 1983 and 1985, 288 F.Supp. 646. Judge McGohey was of the view that, if in fact Justice Dillon did act without jurisdiction, the doctrine of judicial immunity was inapplicable to him and that, consequently, the district court did have subject matter jurisdiction under 28 U.S.C. § 1343. He held, however, that the complaint failed to state a cause of action under §§ 1981 and 1982, inasmuch as they deal only with racial discrimination, and none was alleged in the complaint; that § 1986 was inapplicable to Justice Dillon because no damages were sought against him; that he need not decide whether plaintiffs stated a claim under §§ 1983 and 1985 "for in any event the complaint fails to allege sufficient facts to show that Justice Dillon was part of any such conspiracy if one existed. The complaint does no more than charge Justice Dillon in the most general terms with participation in the alleged conspiracy. This is not enough. * * * The complaint shows only that the judge performed the normal duties of his office in the trial and decision of the issues in a strongly contested litigation."

Plaintiffs' claim of involuntary servitude and Saul Stambler's claim, in the original complaint, that he was convicted of fraud and deceit without a trial, were found frivolous by Judge McGohey.

3. Judge Tenney, on October 7, 1968, granted plaintiffs leave to file an amended complaint pursuant to Rules 59(e) and 15(a) of the Federal Rules of Civil Procedure, in order to give them "an additional opportunity to allege 'with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy', Powell v. Workmen's Compensation Bd., 321 [327] F.2d 131, 137 (2d Cir. 1964)". Judge Tenney specifically stated that the court expressed no opinion as to whether plaintiffs could eventually state a cause of action.

In addition, Judge Tenney granted the defendants' motions to dismiss the complaint as to the corporate plaintiffs because they were not represented, as required, by an attorney at law.

York Court of Appeals, which on November 2, 1967 granted motions to dismiss the appeals. 20 N.Y.2d 893.

2. When the instant motions were heard on January 14, 1969, plaintiff, Saul Stambler, appeared and submitted an affidavit to the Court in which he requested that the writer of this opinion disqualify himself from rendering a decision on these motions on the grounds of possible bias and prejudice. The charge of prejudice is grounded on the facts that, in denying plaintiffs' motion for a preliminary injunction, the Court's memorandum opinion, which discussed the events surrounding the state court proceedings, stated that Justice Dillon "characterized certain conduct of Saul Stambler, * * *, as amounting to deceit,"; and that the denial of the motion for a preliminary injunction was erroneous.

A charge that a judge who rules against a litigant is thereby inevitably prejudiced against him is frivolous and harassing. Ironically, the unfounded application for this Court's disqualification parallels, in its logic, the very gist of plaintiffs' complaint in the instant action—his frustration with the result reached by Justice Dillon in the state court actions. The application to recuse for prejudice is hereby denied.

After submitting the above-mentioned affidavit, Saul Stambler submitted no further papers in opposition to the instant motions. Because the Court concludes that the amended complaint fails to state a cause of action, without looking outside the pleadings, plaintiffs have in no way been prejudiced by their failure to submit affidavits or other papers.

Judge Tenney denied the motions to dismiss made by the defendants other than Justice Dillon, as premature, in view of the fact that he was granting leave to amend the complaint.[3]

The Court presently has the amended complaint before it, and the renewed motions by all the defendants.

*Discussion.*

■ We note initially that plaintiffs invoke the jurisdiction of the Court under 28 U.S.C. §§ 1331, 1332 and 1343. There is no diversity and, therefore, no jurisdiction under § 1332. The court does have jurisdiction under § 1331 if a cause of action is alleged under the fifth, sixth, thirteenth and fourteenth amendments and the jurisdictional amount exists; and under § 1343, if a cause of action is stated under the civil rights act. As indicated above, the Court will assume jurisdiction in order to determine whether plaintiffs have stated a claim for relief.

The Court will consider seriatim each section of the Civil Rights Statute invoked by plaintiffs and each amendment to the constitution.

*Sections 1981 and 1982*

■ Sections 1981 and 1982 of title 42 are implementations of the thirteenth and fourteenth amendments and prohibit the denial of equal protection of the laws on the grounds of race or color; and guarantee to non-white citizens equal property rights with white persons. Nothing in the amended complaint conceivably relates to these sections. Therefore, no claim upon which relief can be granted has been alleged under them.

*Section 1983*

■ Section 1983 gives a right of action in tort to every individual whose federal rights are infringed by any person acting under color of state law. The protection is extended to any "rights, privileges, or immunities secured by the Constitution and laws".

The requirement that the action be taken under color of state law is indispensable to the establishment of a claim for relief. Although state officials are usually the only people who can act with the authority of the state in order for there to be a misuse of power derived from the state, *e. g.,* Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Collins v. Hardyman, 341 U.S. 651, 662, 71 S. Ct. 937, 95 L.Ed. 1253 (1951); United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); Jobson v. Henne, 355 F.2d 129, 133 (2d Cir. 1966); Pritt v. Johnson, 264 F. Supp. 167 (M.D.Pa.1967); Campbell v. Glenwood Hills Hosp., Inc., *supra,* state action can be established if the defendants who are not connected with the state are "wilful participant(s) in joint activity with the State or its agents". United States v. Price, 383 U.S. 787, 794 n. 7 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966). Plaintiffs herein, seek to cloak the defendants with the authority of state law by alleging a conspiracy between them and Justice Dillon.

■ There is no doubt that Justice Dillon is immune from any liability under the Civil Rights Act, *see, e. g.,* Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bradford Audio Corp. v. Pious, 392 F.2d 67 (2d Cir. 1968); Fanale v. Sheehy, 385 F.2d 866 (2d Cir. 1967); Beard v. Stephens, 372 F.2d 685 (5 Cir. 1967); Henig v. Odorioso, 385 F.2d 491 (3d Cir. 1967), cert. denied, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1967); Rhodes v.

---

3. On November 8, 1968 Judge Wyatt entered an order denying the application of plaintiffs for an order directing Justice Dillon to appear for the taking of depositions. The following comment by Judge Wyatt is pertinent:

"* * * such motions as the present are harassment to all those concerned. The plaintiffs are taking the time of judges of this Court to deal with essentially frivolous matters to the prejudice of other litigants in this Court. Plaintiffs are strongly advised to desist in such conduct. Continuance can only lead to the imposition of sanctions or the entry of an injunction against plaintiffs or both."

Meyer, 334 F.2d 709 (8th Cir. 1964), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Morgan v. Sylvester, 220 F.2d 758 (2d Cir. 1955), aff'g, 125 F.Supp. 380 (S.D.N.Y.1954); Jemzura v. Belden, 281 F.Supp. 200 (N.D.N.Y.1968). *But see,* United States v. Clark, 249 F.Supp. 720 (S.D.Ala. 1965), where he acts within the course and scope of his judicial duties, as he has done in connection with the state court proceedings with which the instant action is concerned. Plaintiffs have thus failed to state a claim for relief against defendant Justice Dillon, and his motion to dismiss the amended complaint is hereby granted.[4]

The other defendants, who are private persons, cannot therefore be held liable under § 1983 because they did not act in conspiracy with a state official against whom a valid claim could be stated. Consequently, their allegedly wrongful actions were not done under color of state law or state authority. *See, e. g.,* Haldane v. Chagnon, 345 F. 2d 601, 604–605 (9th Cir. 1965); Jemzura v. Belden, *supra,* 281 F.Supp. at 206; Shakespeare v. Wilson, 40 F.R.D. 500, 504–505 (S.D.Cal.1966).

■ Plaintiffs apparently allege that the defendant attorneys, as officers of the court, supply the requisite connection to state action under § 1983. It is well established that attorneys are not state officers, but private persons, for the purposes of the Civil Rights Act. *See, e. g.,* Haldane v. Chagnon, *supra,* 345 F.2d at 604; Meier v. State Farm Mutual Auto. Ins. Co., 356 F.2d 504 (7th Cir. 1966); Rhodes v. Meyer, *supra;* Jemzura v. Belden, *supra;* Pritt v. Johnson, *supra.*

■ Nor is a witness at a trial acting under color of state law. *See, e. g.,* Pritt v. Johnson, *supra.*

■ The Court concludes that the amended complaint fails to state a claim for relief under § 1983 against any of the defendants because Justice Dillon is immune, and the other defendants in no way acted under color of state law. Because it appears beyond doubt that plaintiffs can prove no set of facts to support their allegations of state action, the amended complaint is hereby dismissed for failure to state a claim. *See, e. g.,* Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Moreover, even assuming *arguendo,* that the mere use of the courts by litigants and their counsel were held to satisfy the requisite state action, this circuit has held that 28 U.S.C. § 1983 cannot be used to redress what are essentially infringements of property rights. *See,* Bradford Audio Corp. v. Pious, *supra,* 392 F.2d at 72; *accord,* Howard v. Higgins, 379 F.2d 227 (10th Cir. 1967); Ream v. Handley, 359 F.2d 728 (7th Cir. 1966); Abernathy v. Carpenter, 208 F.Supp. 793 (W.D.Mo. 1962), aff'd, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963). But see Joe Louis Milk Co. v. Hershey, *supra.*

Stripped of its conclusory language, the gist of plaintiffs' amended complaint is that, as a result of Justice Dillon's decision in the consolidated state actions, they have been deprived of their property without due process of law because the judge acted without jurisdiction, and reached an improper and allegedly fraudulently induced result.

Plaintiff Saul Stambler also alleges that he was slandered because the judge remarked in the course of his opinion that Stambler had engaged in fraud and deceit; and that he has been compelled to labor for another without compensation as a result of the judge's decision which imposed a constructive trust on the property acquired by Stambler. These claims are clearly frivolous and do not magically transmute the complaint from one basically concerned with property rights into one seeking to protect plaintiffs' basic liberties.

---

4. Judicial immunity shelters the judge from civil liability under all the sections of the Civil Rights Act and, therefore, the complaint fails to state a claim against Justice Dillon under all the sections invoked by plaintiffs.

The amended complaint therefore fails to state a claim for relief under § 1983 for the additional reason that only property rights are in issue.

### Section 1985

■ Section 1985(1) is clearly inapplicable. Section 1985(2) provides for recovery of damages for injury suffered from any acts done in furtherance of a conspiracy "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State * * * with intent to deny to any citizen equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, * * * to the equal protection of the laws". Plaintiffs allege *in haec verba* that defendants conspired with such a purpose in mind.

This section applies only to a conspiracy to deprive an individual of equal protection; and plaintiffs' amended complaint is devoid of any factual allegations to support the conclusorily claimed denial of equal protection. There are no allegations which indicate a "purposeful discrimination between persons or classes of persons" which is essential to support a claimed denial of equal protection; and the necessary discrimination "is not supplied by the opprobrious epithets 'willful' and 'malicious' * * * or by characterizing" what happened "as an unequal, unjust, and oppressive administration of the laws" of the state. Snowden v. Hughes, 321 U.S. 1, 10, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944) as cited in Morgan v. Sylvester, *supra,* 125 F.Supp. at 387; *accord,* Powell v. Workmen's Compensation Bd., 327 F.2d 131 (2d Cir. 1964).

The Court concludes that the amended complaint fails to state a claim for relief under 28 U.S.C. § 1985(2) because the conspiracy, if there was one, was not directed to the denial of equal protection of the laws, and it appears beyond doubt that plaintiffs can prove no set of facts to support the charge that they were denied the equal protection of the laws.

*See, e. g.,* Conley v. Gibson, *supra,* 355 U.S. at 45–46, 78 S.Ct. 99.

In addition to the foregoing reason, the amended complaint also fails to state a claim because no facts are alleged "from which a reasonably-minded person can draw an inference of the alleged conspiracy". Morgan v. Sylvester, *supra,* 125 F.Supp. at 389. Section 1985 not only requires the existence of a conspiracy but acts in furtherance of the conspiracy. Plaintiffs have not satisfactorily alleged either. Plaintiffs characterize the acts of defendants as malicious, conspiratorial and done for the purpose of depriving plaintiffs of their constitutional rights. These characterizations are not supported by any facts and none of the overt acts which the amended complaint sets forth warrant an inference that a conspiracy existed whose purpose was to obstruct justice in order to deny plaintiffs the equal protection of the laws. *See, e. g.,* Collins v. Hardyman, 341 U.S. 651, 659–660, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965); Powell v. Workmen's Compensation Bd., *supra;* Huey v. Barloga, 277 F. Supp. 864, 868 (N.D.Ill.1967); Shakespeare v. Wilson, *supra.*

In relevant part, § 1985(3) allows an injured person to sue for damages where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws", and where an act has been done in furtherance of the conspiracy.

The amended complaint fails to state a claim for relief under this subsection of § 1985 for several reasons.

First, no factual allegations relate to the denial of equal protection or equal privileges and immunities, which are the only rights protected by § 1985(3). *See, e. g.,* Collins v. Hardyman, 341 U.S. 651, 661–662, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Sarelas v. Sheehan, 326 F.2d 490 (7th Cir. 1963); Walker v. Bank of America Nat'l Trust & Savings

Ass'n, 268 F.2d 16 (9th Cir. 1959); Shakespeare v. Wilson, *supra;* Bradford v. Lefkowitz, 240 F.Supp. 969 (S.D.N.Y. 1965); Morgan v. Sylvester, *supra.*

Plaintiffs merely describe their defeat in the state court litigation as amounting to a denial of equal protection. The Civil Rights Act was not intended to protect an individual from unfounded or even malicious claims in state courts, nor to provide a federal forum for review of state court litigation under the pretext that every defeated litigant can claim a denial of equal protection. The amended complaint does not in any way state a claim which is cognizable under § 1985(3) because the alleged conspiracy in no way deprived plaintiffs of equal protection or equal privileges and immunities. *Id.*

Second, § 1985(3) has been interpreted to require that the conspiracy to deny equal protection be executed under color of state law or authority. *See, e. g.,* Collins v. Hardyman, 341 U.S. 651, 657–658, 71 S.Ct. 937, 95 L.Ed. 1253; Huey v. Barloga, *supra,* 277 F.Supp. at 868, Campbell v. Glenwood Hills Hosp., Inc., *supra,* 224 F.Supp. at 29. The Court has already noted that no state action can be reasonably inferred from the allegations of the amended complaint.

Third, the conspiracy is alleged in conclusory terms only, despite the fact that plaintiffs were given leave to amend in order to "allege with some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." The amended complaint merely describes the actions of the litigants and others involved in the state court proceedings who were seeking to protect their interest in the disputed real estate. Plaintiffs must do more than label as a conspiracy the actions of the defendants. *See* opinion of the Court, *supra* at 1256.

*Section 1986*

Section 1986 is a derivative section which gives a cause of action against one who neglects to prevent the commission of the wrongs done pursuant to a conspiracy under § 1985. Because it is derivative, the amended complaint fails to state a claim for relief under that section for the same reasons that no claim was made out under § 1985. *See, e. g.,* Huey v. Barloga, *supra,* 277 F. Supp. at 874–875.

The allegations relating to involuntary servitude under 42 U.S.C. § 1994, and under the thirteenth amendment are frivolous as are those under the fifth, sixth and fourteenth amendments.

*Attorneys' Fees*

Plaintiffs' suit is unfounded and has probably been maintained in bad faith. Plaintiffs accuse defendants with participation in a fraud and conspiracy but have submitted an amended complaint which in no way sets forth in a legally sufficient manner the existence of any wrongdoing on the part of defendants despite the fact that leave had been granted for amendment of the original complaint to supply that deficiency. Plaintiffs were apparently fully aware that they had no facts with which they could support their reckless accusations.

The Court, however, in the exercise of its discretion, denies the grant of attorneys' fees as costs to defendants. Although plaintiffs' action may very well in fact have been frivolous and vexatious, a district judge applying the rules of procedure, granted plaintiffs leave to file an amended complaint. Where this is done, it would be unfair to penalize a litigant by taxing him with attorneys' fees whenever the amended complaint fails to withstand a motion to dismiss for failure to state a claim. Although this litigation is indeed baseless, it has not been so unconscionably oppressive and harassing to warrant the harsh sanctions sought by defendants.

The amended complaint herein is dismissed for its failure to state a claim upon which relief can be granted.

So ordered.