Joseph **PERAGINE**, Plaintiff,

v.

Thomas **MAIMONE**, Costello & Shea Merck & Co., Frank H. Granito, Frank H. Granito, Jr., Civil Court Judge Irving Berman, and Civil Court Judge Barry Salman, Defendants.

No. 80 Civ. 2775 (CBM).

United States District Court,
S. D. New York.

Sept. 22, 1980.

Joseph Peragine, pro se.

Robert Abrhams, Atty. Gen., State of N. Y., New York City, Martin, Clearwater & Bell, Costello & Shea, New York City, for defendants.

Frank H. Granito, pro se defendant.

### MEMORANDUM OPINION

MOTLEY, District Judge.

Defendants have moved, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to dismiss the complaint of plaintiff Joseph Peragine on the ground that the complaint fails to state a claim upon which relief can be granted.

The basis of plaintiff's claim in this action is an alleged "deprivation of civil rights" resulting from settlement of this prior suit against Merck & Co. That suit was commenced because of the alleged injurious adverse reactions suffered by plaintiff's wife after the administration of Aldomet, a medication manufactured by Merck & Co. After consultation with his attorney Charles Lazarus, plaintiff voluntarily assented to settlement of his claim against Merck & Co.

Plaintiff claims in the present action that defendants falsely stated that Merck & Co. could not be sued, which led him to settle his claim against them. It is asserted that the settlement agreed to by plaintiff deprived him of his civil rights and due process of law because of the alleged misrepresentations by defendants.

Liberally construed, plaintiff's pro se complaint attempts to allege claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). However, the court concludes that the court lacks jurisdiction of the subject matter and that, accordingly, the action must be dismissed.

■ Complete diversity between plaintiff and the defendants does not exist so as to allow jurisdiction under 28 U.S.C. § 1332. With the exception of Merck & Co., all of the defendants are residents of New York, where the plaintiff also resides. Thus, 28 U.S.C. § 1332 does not afford subject matter jurisdiction.

The court must also determine whether the court has jurisdiction of this action under 28 U.S.C. § 1343(3). Section 1343(3) provides:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

■ In the case at hand, plaintiff's claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) fall within the jurisdictional scope of section 1343(3). However, plaintiff's complaint must be measured against the jurisdictional standard set forth in *Hagans v. Lavine*, 415 U.S. 528, 537–38, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). This court does not have jurisdiction of this action if plaintiff's section 1983 and 1985(3) claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," or "no longer open to discussion." *Id.* at 537, 94 S.Ct. at 1378.

With respect to defendants Frank H. Granito, M.D., Frank H. Granito, Jr., Thom-

as Maimone, Costello & Shea and Merck & Co. plaintiff's section 1983 and 1985(3) claims are devoid of merit and wholly insubstantial. Accordingly, plaintiff's section 1983 and 1985(3) claims cannot be the basis for subject matter jurisdiction under section 1343(3).

■ Two elements must be established in order to support a cause of action under 42 U.S.C. § 1983. First, it must be shown that the defendants have deprived plaintiff of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must then show that the defendants deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second requirement therefore requires a showing that the defendants acted "under color of law". *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In this action, the necessary allegation that the alleged wrong was perpetrated under color of state law is clearly lacking. For purposes of 42 U.S.C. § 1983, attorneys are *not* state officers. *Stambler v. Dillon*, 302 F.Supp. 1250 (S.D.N.Y.1969).[1]

■ To state a cause of action under 42 U.S.C. 1985(3), which affords a civil remedy for conspiracy to deprive a person or class of persons of equal protection of laws or equal privileges and immunities, plaintiff must claim some racial, or perhaps some otherwise class-based, invidiously discriminatory motivation. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1970). Plaintiff Peragine has failed, even upon a liberal reading of the complaint, to allege a conspiracy to deprive him of equal protection as is required under 42 U.S.C. § 1985(3). Therefore, both plaintiff's section 1983 and plaintiff's section 1985(3) claims are obviously frivolous and do not establish subject matter jurisdiction under section 1343(3).

With respect to defendants Civil Court Judge Berman and Civil Court Judge Sal-

---

1. Although it would be possible to allege a conspiracy if a valid claim could be stated against a state official, plaintiff's allegations do not support such a claim against defendants who are "private persons". *Stambler v. Dillon*, 302 F.Supp. 1250, 1255 (S.D.N.Y.1969).

man, plaintiff's claims of a "violation of civil rights" are equally devoid of merit. These two defendants clearly enjoy absolute judicial immunity for their actions as alleged in plaintiff's complaint. Plaintiff's complaint seeks redress for judicial rulings of Judge Berman dismissing one of plaintiff's complaints against Dr. Granito as well as statements alleged to have been made by Judge Salman in the course of the settlement conference for the case of *Peragine v. Merck & Co.*

■ The Supreme Court has squarely held that a State Court judge's immunity from suit extends to suits brought for alleged deprivation of civil rights pursuant to 42 U.S.C. § 1983. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Even when acts are in excess of jurisdiction and alleged to have been done maliciously or corruptly, absolute immunity exists for judges of courts of superior or general jurisdiction. Civil liability for judicial acts is thereby precluded. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). It is clear that the actions of both Judge Berman and Judge Salman of which plaintiff complains were within their "judicial capacity". This factor calls for dismissal of plaintiff's complaint pursuant to Rule 12. *Schuman v. State of Cal.*, 584 F.2d 868 (9th Cir. 1978). In addition, a charge that a judge who rules against a litigant is prejudiced against him is frivolous and harassing. *Stambler v. Dillon*, 302 F.Supp. 1250 (S.D.N. Y.1969).

Accordingly, plaintiff's claims against defendants Judge Berman and Judge Salman are wholly insubstantial and do not serve as a basis for subject matter jurisdiction under the *Hagans v. Lavine* standard.

For the reasons stated above, the court concludes that this action must be dismissed for lack of subject matter jurisdiction. As is clear from the discussion above, plaintiff's complaint may also be dismissed for failure to state a claim upon which relief can be granted.

So ordered.