In the Matter of the House of Seagram, Inc., Respondent, *v.* State Liquor Authority, Appellant.

Third Department, December 19, 1966.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch and Robert L. Harrison* of counsel), for appellant.

*Royall, Koegel & Rogers (Wyllys S. Newcomb, Stanley Godofsky* and *Peter J. O'Shea, Jr.,* of counsel), for respondent.

*Jack Goodman* for New York State Wholesale Liquor Association, Inc., *amicus curiæ.*

Staley, Jr., J. This is an appeal by the State Liquor Authority from an order of the Supreme Court, Albany County, which denied the Authority's motion to dismiss the petition in an article 78 proceeding, vacated and annulled a determination of the Authority, remitted the matter to the Authority for further proceedings, and pending its determination and delivery of written notice thereof to the respondent, stayed the Authority from imposing any sanctions or penalties upon the respondent by reason of sales during the month of November at prices which do not comply with the provisions of section 101-b of the Alcoholic Beverage Control Law.

On October 3, 1966, the respondent, the House of Seagram, Inc., filed with the State Liquor Authority a schedule of the prices which it intended to charge in the State of New York

on and after November 1, 1966. Admittedly, the prices set forth in this schedule did not reflect the lowest price at which item of liquor or wine listed therein was sold anywhere in the United States during the preceding calendar month. The affirmation required by section 101-b (subd. 3, par. [d]) of the Alcoholic Beverage Control Law was not filed with this schedule for the obvious reason that the respondent could not affirm these prices to be the lowest prices at which the items had been sold anywhere in the United States during the preceding calendar month.

On October 10, 1966, the respondent filed a second price schedule, together with an affirmation, to the effect that the prices contained therein were the lowest prices charged elsewhere in the United States during the month of September, 1966. Simultaneously with the filing of this schedule, the respondent filed a petition with the Authority for a determination ruling and order granting written permission to it pursuant to section 101-b (subd. 3, par. [a]) of the Alcoholic Beverage Control Law to sell its brands at the prices set forth in the schedule filed on October 3, 1966.

On October 13, 1966, the Authority denied the relief sought, and, by letter dated October 17, 1966, advised the respondent as follows: '' You are hereby notified that Members of the Authority denied your petition as mandatory under the provisions of Section 101-b 3(d) of the Alcoholic Beverage Control Law.'' On October 21, 1966, the respondent obtained an order pursuant to article 78 of the CPLR directing the Authority to show cause why its determination should not be vacated. On October 26, the Authority moved to vacate the petition and, on October 28, 1966, the motion was denied.

The appellant Authority contends that it has no power, authority, or discretion to permit brand owners to sell at prices on a schedule for which no affirmation has been filed as required by section 101-b (subd. 3, par. [d]) of the Alcoholic Beverage Control Law.

The respondent contends that it has filed the price schedule, and affirmation required by section 101-b (subd. 3, par. [d]), on October 10, 1966, and that the Authority has discretion under section 101-b (subd. 3, par. [a]) to permit sales at prices which are higher than those set forth in this schedule.

Section 101-b (subd. 3, par. [a]) provides in part as follows: '' No brand of liquor or wine shall be sold to or purchased by a wholesaler  *  *  *  unless a schedule, as provided by this section, is filed with the liquor authority, and is then in effect.  *  *  *  Such brand of liquor or wine shall not be sold to wholesalers except at the price and discounts then in effect unless

prior written permission of the authority is granted for good cause shown and for reasons not inconsistent with the purpose of this chapter.''

The argument of the Authority completely ignores the fact that the respondent has a timely filed affirmed schedule of prices in effect, and prefers to treat this proceeding as an attempt to sell at prices set forth in a schedule which is not affirmed, rather than a request for permission to sell at prices other than those in effect.

The schedule filed on October 3, 1966, is invalid by reason of section 101-b (subd. 3, par. [h]) and the respondent in effect concedes that it is invalid. Perhaps this schedule should never have been filed, but since there are apparently no regulations formulated setting forth the manner in which to proceed to request or obtain price increases, the precaution of filing such schedule, and referring to the same in the application for permission to increase prices, does not render the application defective.

The Legislature, in enacting chapter 531 of the Laws of 1964, recognized that problems could arise and, in its wisdom, granted discretionary power to the Authority to grant written permission to sell at prices other than those set forth in an affirmed schedule for good cause shown and for reasons not inconsistent with the purposes of chapter 531.

The language of section 101-b (subd. 3, par. [a]) is clear and unambiguous. In the case of *Seagram & Sons* v. *Hostetter* (45 Misc 2d 956, affd. 23 A D 2d 933, affd. 16 N Y 2d 47, affd. 384 U. S. 35), this section was construed as giving the Authority power to modify the schedule requirements.

The Court of Appeals in this regard stated (p. 59): '' The statute is concerned with New York practices and, if the sales in other States have no relevancy to New York enforcement, *the statute permits the Liquor Authority for good cause to waive the general prohibition against sales to wholesalers in the absence of such schedules.*''

The United States Supreme Court referring to this section stated (p. 46): '' Moreover, § 7 of Chapter 531 has amended the ABC Law by granting to the State Liquor Authority ample discretion to modify the schedule requirements.''

In this same case we stated (p. 934): '' The legislative policy sought to be effectuated by the amendments in dispute was declared to be, among other things, to foster price competition, to eliminate discrimination against New York consumers, and ' to forestall possible monopolistic and anti-competitive practices designed to frustrate the elimination of such discrimina-

tion ', price discrimination and favoritism being found ' contrary to the best interests and welfare of the people of this state '. (L. 1964, ch. 531, § 8.) ''

In our opinion the Authority has the power and authority, in its discretion, to authorize sales at prices which are higher than those set forth in an affirmed schedule for good cause shown, and for reasons not inconsistent with the purpose of chapter 531 of the Laws of 1964 as set forth in the Legislature's '' declaration of policy '' contained in section 8. The respondent is entitled to a hearing to establish that it has good cause for seeking such increases, and that such increases would not violate the declared policy of the legislation. The order should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and BRINK, JJ., concur.

Order affirmed, with costs to respondent.