Memorandum. We affirm for the reasons stated in the opinion at the Appellate Division.
On the basis of evidence adduced at hearings before the Public Service Commission, the commission concluded that the grant of nonobligatory discounts to cities and villages constituted an undue preference in violation of the Public Service Law (§ 91, subds 2, 3; § 92, subd 2). The Public Service Commission had authority to approve the company’s proposal to rectify the inequity by eliminating those municipal discounts not required by contract. To ameliorate the impact of its determination the commission ordered that the discounts be phased out gradually over a five-year period and without inclusion of municipalities which had not previously enjoyed the discount and which therefore could not claim economic hardship unless given the benefit of the phase out. There is substantial evidence in the record to support this finding and use of a gradual phase out to remove the discrimination was within the commission’s power to set just and reasonable rates upon a finding of unduly preferential practices (Public Service Law, § 97, subd 1).
The appellants’ attack on the jurisdiction of the Public Service Commission must also be rejected. They rely on subdivision 3 of section 92 which while prohibiting free or reduced *769 service generally provides that "this subdivision shall not apply to state, municipal or federal contracts.” In our view a proper reading of this exemption is that while it permits preferential treatment of municipalities as a class, it does not follow however that this provision permits discrimination between municipalities (Columbia Gas of N. Y. v New York State Elec. & Gas Corp., 28 NY2d 117, 126; New York Tel. Co. v Siegel-Cooper Co., 202 NY 502, 513). As in Columbia Gas (supra) the exemption of governmental contracts is operative only within its specific provision and will not limit the commission’s power under the antidiscrimination sections of the Public Service Law.
Considering the city’s prior opportunity to examine the telephone company’s files together with its untimely application the commission did not abuse its discretion in disallowing further discovery.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Judgment affirmed, without costs, in a memorandum.