*1048
 

 Per Curiam.
 

 The Appellate Division correctly determined that the one-year rate adjustment adopted by the Public Service Commission for residential electric space heating customers was invalid as an undue preference and advantage in violation of subdivisions 2 and 3 of section 65 of the Public Service Law. It does not necessarily follow, however, that the commission’s rate fixing must be controlled exclusively by precise cost allocations in all classifications. On the other hand, it is not enough to discriminate among classes without a rational basis.
 

 The basis offered by the commission that residential electric space heating customers would suffer a "disproportionate” burden unless their rates were adjusted and the offset of the adjustment borne by other classes of users was not reasonable. The sole fact that residential customers would have their electric charges increased even several-fold over those of other classes of users is disproportionate as to but one item of expense for the users. The disproportion has not been related to income, needs, or over-all budget requirements of the residential users, or even the alleged inducement by the utility company of such customers in the installing of equipment to provide electric heat.
 

 The unfortunate fact is that the international oil embargo and its effects were not predictable and consumers and producers of all classes suffered the consequences, some of which still remain. This was true throughout the Nation.
 

 The very tinkering with the electric charges for but one year was some indication that the motivation was only to provide a temporary sop. If the discrimination had a rational basis, it most likely would have been entitled to a more extended application. Without regard to the amounts of increase as distinguished from the proportions of increase, and without respect to other burdens upon the customers, there was insufficient basis to justify the temporary adjustment to tide such customers over a difficult period (but see
 
 Burke v New York State Public Serv. Comm.,
 
 39 NY2d 766, 768).
 

 The contention of mootness is rejected. Nor is the matter of the so-called "filed rate rule” involved
 
 (Purcell v New York Cent. R. R. Co.,
 
 268 NY 164, esp 170-172, app dsmd 296 US 545). Precisely the same kind of adjustment that was made by the commission in order to favor the residential electric space heating users over other classes of users need only be simply reversed for an ensuing period. The nub of the matter is that
 
 *1049
 
 neither the adjustment struck down nor the one required to remedy the invalid adjustment affects the gross income of the utility.
 

 Accordingly, the judgment of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Judgment affirmed.