**Michael KANE, Plaintiff,**

v.

**GRAUBARD, MOSKOVITZ, McGOLDRICK, DANNETT & HOROWITZ, and Seymour Schwartz, Defendants.**

**No. 77 Civ. 4960.**

United States District Court, S. D. New York.

Dec. 2, 1977.

734

Michael Kane, pro se.

Steven M. Gerber, New York City, of defendant law firm, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

There is pending before me related litigation under docket No. 76 Civ. 266–CLB, an action entitled *Michael Kane, Plaintiff v. 980 Fifth Avenue Corporation, Defendant.* That action is presumably ready for trial. On October 12, 1977, plaintiff filed this additional and separate *pro se* action against the above named defendants. Familiarity with prior proceedings in 76 Civ. 266, and in *Kane v. Moskovitz,* 77 Civ. 3435, is presumed for purposes of the motions discussed below.

Thereafter, by motion docketed November 10, 1977, plaintiff *pro se,* moved for summary judgment in his favor, and by a similar motion docketed November 23, 1977, defendant Graubard, Moskovitz, McGoldrick, Dannett & Horowitz, a New York law firm, moved to dismiss the complaint.

Supporting documents were considered in support of the later motion, and it will also be treated as a motion for summary judgment, pursuant to Rule 56, F.R.Civ.P.

A New York cooperative housing corporation, 980 Fifth Avenue Corporation, operates an apartment house at that address. It had formerly employed this *pro se* plaintiff. He was discharged, and whether such discharge was unlawful is the issue being litigated in 76 Civ. 266. In that case, a federal claim is being asserted based on Title VII of the Civil Rights Act of 1964.

In addition to his Title VII action in this Court, plaintiff's discharge has precipitated an arbitration proceeding pursuant to a collective bargaining agreement as well as five state court proceedings, and one other case in this court.

Defendant law firm (referred to by plaintiff as the "Moskovitz firm") has acted for 980 Fifth Avenue Corporation. Defendant Seymour Schwartz is a sitting judge in the Civil Court of the City of New York. Various members of the Moskovitz firm are said to reside at 980 Fifth Avenue, and/or to be officers, directors, shareholders, attorneys, or controlling persons with respect to that corporation, all of which must be assumed to be true for purposes of this litigation.

Jurisdiction of the subject matter of this lawsuit is alleged based on "42 U.S.C. §§ 1983 and 1984." Damages are claimed in substantial amounts.

The Attorney General of New York appearing for Judge Schwartz, has not yet made any motion to dismiss. His assigned assistant has sought and obtained an enlargement of time to do so, by reason of claimed pressure of other official duties. However, it is abundantly clear on the papers that the sole activities of defendant Schwartz were those of a judge. Had he not been a state court judge, he could not have done what it is claimed he did. This was in effect conceded on the record by Mr. Kane at the hearing held on these motions.

■ This plaintiff made no attempt to take an appeal from what Judge Schwartz

is said to have done. He sought no equivalent, under Article 78 of the New York CPLR, of a writ of prohibition from the New York state appellate courts. New York provides discrete remedies by appeal, by Article 78 Proceeding, and by Complaint to the Administrator of its judicial system, for the sort of misconduct complained of here. Plaintiff sought none of these. This Court is not entrusted with the power to review the decisions of state courts in state disputes under the guise of enforcing the Civil Rights Act of 1964. See *Tang v. Appellate Division of the Supreme Court, etc.,* 487 F.2d 138 (2d Cir. 1973), *cert. denied* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) therein cited.

■ In addition, for obvious policy reasons of which this knowledgeable and articulate experienced *pro se* litigant is well aware, judicial officers are and must be immune from damage actions based on claimed violations of the federal civil rights laws arising out of their exercise of judicial power. *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Chief Judge Learned Hand's words in *Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir. 1949) explain and justify the policy: "It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would *dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties.* Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. Judged as res nova, we should not hesitate to follow the path laid down in the books." (Emphasis added.)

In *Rottkamp v. Young,* 21 A.D.2d 373, 249 N.Y.S.2d 330 (2d Dept. 1964), *aff'd.* 15 N.Y.2d 831, 257 N.Y.S.2d 944, 205 N.E.2d 866 (1965), the Court, applying the doctrine of *Gregoire v. Biddle, supra,* to a quasi-judicial municipal functionary, pointed out:

"In weighing the balance between the effects of oppressive official action and vindicative or retaliatory damage suits against the officer, we think that the public interest in prompt and fearless determinations by the officer, based on his interpretation of the law and the facts before him, must take precedence. A public officer, haunted by the specter of a lawsuit, may well be subject to the twin tendencies of procrastination and compromise to the detriment of the proper performance of his duties."

■ Since defendant Schwartz is immune, the attorneys who acted in the state court litigation and who are private persons cannot be held liable as claimed co-conspirators, simply because as lawyers they activated a judicial officer to proceed in a manner allegedly violative of plaintiff's civil rights. *Haldane v. Chagnon,* 345 F.2d 601, 604 (9th Cir. 1965); *Jemzura v. Belden,* 281 F.Supp. 200 (N.D.N.Y.1968); *Stambler v. Dillon,* 302 F.Supp. 1250 (S.D.N.Y.1969);

and *Shakespeare v. Wilson*, 40 F.R.D. 500 (S.D.Cal.1966).

For the foregoing reasons, the Court denies plaintiff's motion for summary judgment, and grants that of defendant Graubard, etc., with costs. On the Court's own motion, defendant Schwartz is granted summary judgment without costs.

The Clerk of this Court shall enter a final judgment that all relief be denied.

So Ordered.