■ In the Matter of MICHAEL A. CHATOFF et al., Appellants, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term entered April 13, 1977 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to review a determination of respondent Public Service Commission and relief from allegedly excessive and discriminatory tariffs of respondent New York Telephone Company. Petitioners, who are totally deaf, are subscribers to services supplied by respondent telephone company which enable deaf persons to more effectively communicate through the use of the telephone system. In this proceeding their basic complaint is that, as residential subscribers to the subject services, they are charged at the same rate as business subscribers thereof and that this constitutes unlawful discrimination against them. Rejecting this argument, the Public Service Commission ruled that no element of the present charges may be considered discriminatory, and Special Term, finding the commission's determination justified and neither arbitrary nor capricious, dismissed the instant petition. This appeal ensued. Initially, we would note that Special Term erroneously refused to appoint an interpreter for petitioner Chatoff at the hearing in the trial court as Chatoff had repeatedly requested. Section 390 of the Judiciary Law expressly provides that interpreters shall be appointed in all instances where, as here, a "deaf person is a party to a legal proceeding of any nature", and Special Term's ruling that this provision is limited to testimonial proceedings is contrary to the cited express statutory language and without other support. Nonetheless, an examination of the record herein establishes that the lack of an interpreter at the hearing did not prejudice petitioners' case and does not, therefore, warrant a reversal of the judgment appealed from. Turning now to the question of whether or not the telephone company's failure to establish a two-tiered rate differential for residential and business subscribers is unlawfully discriminatory, we agree with respondents that the relevant State law (Public Service Law, § 91) does not require such a differential. However, said Public Service Law also does not, as respondents contend, prohibit a differential simply because it may not be justified by cost allocation *(Matter of Lefkowitz v Public Serv. Comm., 40 NY2d 1047, 1048).* Where, as is likely the case here, the services are provided to residential and business subscribers under different circumstances, a two-tiered rate structure may not be said to be without a rational basis (p 1048). Accordingly, since the record establishes that the Public Service Commission's determination was apparently made under the misapprehension that the

requested differential was statutorily prohibited, we hold that this matter must be remitted to the commission for further proceedings unaffected by this error of law (CPLR 7803, subd 4; cf. *Matter of House of Seagram v State Liq. Auth.*, 26 AD2d 456). In so ruling, we would finally emphasize that, contrary to petitioners' contention, regulations of Federal Department of Health, Education and Welfare designed to eliminate discrimination, on the basis of handicap, in any program or activity receiving Federal financial assistance, are clearly inapplicable to the matter at issue here. Judgment reversed, on the law, without costs, and matter remitted to respondent Public Service Commission for further proceedings not inconsistent herewith. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.