■ In the Matter of FORBES PERSONNEL, INC., Petitioner, v PUBLIC SERVICE COMMISSION, Respondent, and NEW YORK TELEPHONE COMPANY, Intervenor-Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission which established certain rates for the New York Telephone Company. Petitioner contends that the telephone message rate established by the Public Service Commission for service for its employment agency is too

costly, and that a special rate plan should be developed to provide a lower price for a short duration call. The commission determined on July 7, 1977, in Case No. 27079, that the New York Telephone Company should offer residential subscribers the option of timing single message unit calls, and also required the timing of single message unit calls for business customers. It was determined that the initial period for a timed single message unit call should be five minutes, and overtime should be measured in one-minute increments. The commission also determined that pricing of message unit calls should vary among calls placed at peak, shoulder, and off-peak times. Petitioner asserts that its business made a great number of short one-minute or less calls, and that such calls should be priced at a reduced rate. The commission determined that a five-minute initial period would provide a reasonable accommodation for the majority of customers. Petitioner contends that every service available from the New York Telephone Company must provide the exact rate of return provided by all other services, and there should not be any variation from purely cost-based rates for any reason. The commission balanced several considerations in reaching its determination with respect to message unit calling rates. First, the calling rates were set to ensure that a contribution was made toward keeping the monthly charges for basic exchange services as low as possible. Second, the rates were designed to be usage sensitive; to impose the costs on those necessitating the incurrence of the cost; and, third, the rates were designed to alter calling patterns in an attempt to reduce peak-hour calling, and thus reduce the need for additional costly construction. The commission considered costs in setting the rates at issue, but it also considered and utilized other reasonable criteria and based its determination upon a balancing of all the relevant considerations. "Rate discrimination can be countenanced only if it is either cost-justified or if some other rational basis is to be found in the record. (*Matter of Lefkowitz v Public Serv. Comm.,* 40 NY2d 1047, 1048.) Thus, it is not conclusive that there may not have been shown a sufficient cost-justification for the proposed classification or even that it departed from cost allocation, if there exists another rational basis for that classification." (*Matter of New York State Council of Retail Merchants v Public Serv. Comm. of State of N. Y.,* 45 NY2d 661, 669.) In *Matter of Chatoff v Public Serv. Comm. of State of N. Y.* (60 AD2d 700), this court stated: "[As] to the question of whether or not the telephone company's failure to establish a two-tiered rate differential for residential and business subscribers is unlawfully discriminatory, we agree with respondents that the relevant State law (Public Service Law, § 91) does not require such a differential. However, said Public Service Law also does not, as respondents contend, prohibit a differential simply because it may not be justified by cost allocation". The Public Service Law does not require that rates for a particular service be determined solely on the basis of cost, nor that each service provide the same return to the company as every other type of service. There are other noncost related considerations which may be taken into account by the commission, as it did in this proceeding, in setting specific rates, and so long as there is a rational basis for the rate, as here, the courts will not interfere. In addition, the fact that petitioner ceased business operations on April 17, 1977 precludes it from seeking any refunds based upon its contentions. Since the order under review was issued on July 7, 1977, petitioner could not benefit from any refund even if the commission had committed error and refunds were warranted, since refunds could, at most, be made only for the period starting with July 7, 1977. Since petitioner incurred no telephone charges after April 11, 1977, which precedes

the date of the challenged order, the relief requested is unavailable. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Casey and Herlihy, JJ., concur.