■ NEW YORK TELEPHONE COMPANY, Respondent, v STATE OF NEW YORK, DIVISION OF STATE POLICE, Appellant. (Claim No. 60423.) — Appeal from an order of the Court of Claims (Murray, J.), entered June 4, 1980, which granted claimant's motion for summary judgment. On November 30, 1973, claimant New York Telephone Company and defendant State of New York, Division of State Police, entered into a contract whereby claimant was to furnish Dataspeed 40 telecommunications services for police teletype work to defendant. The agreement provided that claimant would obtain approval for the rates to be charged defendant for the services by filing tariffs with the Public Service Commission (hereinafter PSC) by March 1, 1974 and also that the tariffs would be subject to review and acceptance by the PSC. In due course the PSC approved the subject rates by accepting the filed tariffs, and, subsequently, in a general rate case wherein claimant's filing for an increase did not include the State Police Dataspeed 40 terminals, the PSC, by order of October 22, 1975, directed the filing of tariffs increasing the Dataspeed 40 rates. These tariffs were filed and became effective on November 1, 1975. With these circumstances prevailing on November 24, 1975, defendant objected to the rate increase in a letter to the PSC on the grounds that it had received inadequate notice of the proceedings which culminated in the increase and that the increase was unwarranted and constituted a breach of its contract with claimant. By order of January 9, 1976, the PSC treated this letter as a petition for a rehearing on its original determination and then denied the petition. Thereafter, defendant refused to pay the increased rates, including a second rate increase ordered by the PSC on August 1, 1976, and as a result, on July 22, 1976, claimant filed a claim seeking to recover the increased charges which defendant refused to pay. Ultimately, the court granted a motion by claimant for summary judgment in the amount of $219,069.23 together with interest from November 4, 1977, and the instant appeal ensued. We hold that the challenged order should be sustained, and, in so ruling, we note that defendant does not dispute the factual merits of the rate increases on this appeal, but rather asserts various reasons why the subject increases were erroneous as a matter of law. Even conceding, *arguendo,* that its challenge of the PSC ruling is not barred by *res judicata* or collateral estoppel, however, we nonetheless conclude that its arguments for reversal of the order and dismissal of the claim are without merit. Considering initially the question of whether or not

defendant received adequate notice of the rate increase, we conclude that the notice given was sufficient. Notice of the rate case was properly published throughout claimant's service area, and, while it did not specifically mention a proposed increase in the rates at issue here for the reason that such an increase was not requested by claimant, it did expressly state that the PSC could require changes in rates that claimant proposed to leave unchanged. Moreover, defendant was able to present its arguments to the PSC to the extent that its letter complaining of the increase was treated as a petition for a rehearing and then denied. In sum, therefore, it received the notice to which it was entitled and which all other customers of claimant received and, accordingly, cannot justify a reversal of the PSC determination on this ground. Similarly, the legality of the rate increases is conclusively established by an examination of the record in this case. Not only is the PSC statutorily authorized upon its own motion to grant a rate increase where the situation presented so warrants, even though the existent rate was prescribed by contract (Public Service Law, § 97, subd 1), but in this instance the contract between the parties also explicitly provides, as noted above, that the tariffs at issue will, without limitation, be subject to review and acceptance by the PSC. Moreover, the contract, with this provision for review of the tariffs by the PSC, was admittedly approved by the Comptroller as required by subdivision 2 of section 112 of the State Finance Law, and it cannot be seriously argued that the parties herein could, by their contract, negate the PSC's cited statutory authority to set rates which it deems just and proper. Under all these circumstances, it is clear that the challenged rate increases were properly effectuated in accordance with the law, and, such being the case, the grant of summary judgment to claimant should be affirmed. Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.

Weiss, J., dissents and votes to reverse in the following memorandum. Weiss, J. (dissenting). In my view, the strictures of section 112 of the State Finance Law preclude the 25% general rate increase, absent required prior approval by the State Comptroller. To properly resolve this matter, it is unnecessary to challenge the inherent authority of the Public Service Commission (PSC) to alter rates established by private contract (see *Union Dry Goods Co. v Georgia Public Serv. Corp.,* 248 US 372; *Levine v Long Is. R. R. Co.,* 30 NY2d 907, affg 38 AD2d 936, cert den 409 US 1040). The PSC is certainly authorized to grant rate increases, notwithstanding a prior contractual agreement between the utility and a private party (Public Service Law, § 97, subd 1). Crucial to the present matter, however, is a recognition that defendant, as an entity of the State, is limited in its contracting authority (State Finance Law, § 112, subd 2). While the instant agreement included specific tariffs subject to review and acceptance by the commission, this condition was not without limitation. To hold otherwise would acknowledge defendant's authority to contract beyond the limitations of section 112 of the State Finance Law. It is clear that by the terms of the agreement, the PSC's initial review and acceptance of contract tariffs established the proper rate for the duration of the contract, which the parties agreed would remain "constant over life of installation". Essentially, a conflict is presented between the authority of the PSC, pursuant to section 97 of the Public Service Law, to regulate utility rates, and the contractual limitation upon expenditure of State funds set forth in section 112 of the State Finance Law. In such a circumstance, the provisions of section 112 are controlling to ensure that the State does not incur contractual liability for payment for which there is no available appropriation. (State Finance Law, § 112, subd 4.) Moreover, this determination does not conflict with the essential functions of the PSC, inasmuch as the commission is authorized to afford

preferential treatment to State contracts (Public Service Law, § 92, subd 3; see *Matter of Burke v New York State Public Serv. Comm.,* 47 AD2d 91, affd 39 NY2d 766). The order granting plaintiff summary judgment should be reversed, and the claim dismissed.