MORGAN CONSULTANTS, Forbes Personnel, Inc., Forbes Temporary Services, Inc., Dayton Personnel, Inc., Whitney Management Corp., Spencer Personnel, and Joel Klapper, also known as Joel North, Plaintiffs,

v.

AMERICAN TELEPHONE AND TELEGRAPH COMPANY, New York Telephone Company, New Jersey Bell Telephone Company, Bell Telephone Laboratories, Inc., and Western Electric Company, Defendants,

with

Charles Zielinski—Chairman, Ann Mead—Commissioner, Carmel Carrington Marr—Commissioner, Edward P. Larkin—Commissioner, Harold A. Jerry—Commissioner, John C. Crary—Attorney, All of the above serving on the Public Service Commission of the State of New York, Co-Defendants.

Nos. 81 Civ. 1690, 81 Civ. 2822.

United States District Court,
S. D. New York.

Sept. 13, 1982.

Services, Inc., Dayton Personnel, Inc., Whitney Management Corp., and Spencer Personnel, plaintiffs, pro se.

Kenneth L. Demarest, New York City, for defendant American Tel. and Tel. Co.

George E. Ashley, Walter C. Reid, New York City, for defendant New York Tel. Co.

Rita L. Murphy-Johnson, Ernest Wuildenhain, Newark, N.J., for defendant New Jersey Bell Tel. Co.

Seymour E. Hollander, James W. Falk, Murray Hill, N.J., for defendant Bell Tel. Laboratories, Inc.

Frank C. Cheston, Jr., William B. Sneirson, New York City, for defendant Western Elec. Co., Inc.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, pro se and for the State of N.Y. and defendants Public Service Com'n, defendants Charles Zielinski, Chairman, Ann Mead, Com'r, Carmel Carrington Marr, Com'r, Edward P. Larkin, Com'r, Harold A. Jerry, Com'r, John C. Crary, Attorney, all of the above serving on the Public Service Commission of the State of New York; Donald Sticklor, Asst. Atty. Gen., New York City, of counsel.

## OPINION AND ORDER

OWEN, District Judge.

On February 21, 1980 ("Action # 1," 80 Civ. 1028) and March 3, 1980 ("Action # 2," 80 Civ. 1227) plaintiff Joel North, also known as Joel Klapper ("North"), filed lawsuits against New York Telephone Company ("NYT"), the New York State Public Service Commission ("PSC"), the Attorney General of the State of New York, and American Telephone and Telegraph Company ("AT&T"). On September 25, 1980, Judge Conner of this Court dismissed those actions for failure to state a claim upon which relief could be granted. Plaintiff moved for reconsideration of that decision and for leave to add as additional plaintiffs the corporations and proprietorships through which he did business and of which

Joel Klapper also known as Joel North, Morgan Personnel, Inc., Forbes Temporary

he was sole owner.[1] Judge Conner denied all such motions, and judgment was entered for defendants.[2]

Four months later, on March 20, 1981, North filed a new complaint ("Action # 3," 81 Civ. 1690). All of the entities Judge Conner declined to join as plaintiffs in the cases before him are now plaintiffs in Action # 3. Although the list of defendants is similar to the defense rosters in Actions # 1 and # 2, North added several related defendants, including New Jersey Bell Telephone Company, Bell Telephone Laboratories, Inc., Western Electric Company, and several individual commissioners and a staff counsel of the PSC.[3] On April 15, 1981, North filed an amendment to his complaint in Action # 3, in which he once again sought Rule 60 relief from the judgments Judge Conner entered in Actions # 1 and # 2. Finally, on May 11, 1981, North filed a fourth complaint ("Action # 4," 81 Civ. 2822), which was a verbatim repetition of his complaint and the amendment thereto in Action # 3, with the addition of the State Attorney General as a defendant.

Defendants now move to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that Actions # 3 and # 4 are barred by the doctrine of *res judicata*. Defendants also seek an order permanently enjoining North and the other plaintiffs from commencing any new actions arising from the events that gave rise to Actions # 1, # 2, and # 3. For the reasons stated below, defendants' motions are granted, the complaints before me are dismissed, and plaintiffs are permanently enjoined from bringing any action arising from the nucleus of facts that gave rise to the alleged causes of action asserted in Actions # 1–# 5.

To detail the claims North has asserted in the various complaints he has filed in this district and in the New York State courts is by now unnecessary. Suffice to say that North's prior two actions in this Court asserted causes of action based on the Sherman Act, the Civil Rights Act, and alleged violations of the federal wire-tap law.

Specifically, North alleged that he once owned and operated and was the president of an employment agency, Forbes Personnel, Inc., which allegedly went out of business on April 11, 1977. North charged that defendants New York Telephone Company, American Telephone & Telegraph Company, and the New York State Public Service Commission were involved in a conspiracy "to violate the Federal antitrust laws" in that NYT, with the knowledge and approval of the other defendants, purportedly "overcharged" Forbes (and others) for additional message unit telephone services in

---

1. All of these companies, Morgan Consultants, Forbes Personnel, Inc., Forbes Temporary Services, Inc., Dayton Personnel, Inc., Dayton Girl Personnel Service, Whitney Management Corp., and Spencer Personnel, are defunct employment services. All of them are named as plaintiffs in the two actions before me. My learned colleague, Judge Conner, found, in essence, that these parties are alter egos of plaintiff North and that their addition as plaintiffs to the cases before him, therefore, would have no impact on the outcomes. I agree with Judge Conner. Accordingly, my analysis of the defendants' claim of *res judicata* treats plaintiffs as though Joel North alone were the plaintiff before me.

2. Subsequent to the dismissal of his complaints, plaintiff North inundated Judge Conner with motions pursuant to Fed.R.Civ.P. 60(b) and pounds of supporting documents seeking relief from the judgment entered in Actions # 1 and # 2. The motions were denied, and North was directed by the Court not to file any new ones. On August 28, 1981, North filed a fifth action (81 Civ. 5349) in which he sought Rule 60(b) relief from Judge Conner's dismissals of Actions # 1 and # 2. Judge Conner took jurisdiction of that action and on September 3, 1981, dismissed it, *sua sponte.*

3. New Jersey Bell Telephone Company and Western Electric Company, both of which are defendants in Actions # 3 and # 4, are wholly-owned subsidiaries of AT&T, a defendant in Actions # 1 and # 2. Bell Telephone Laboratories, Inc., a defendant in Actions # 3 and # 4, is a Bell subsidiary half-owned by AT&T and half-owned by Western Electric Company; Zielinski, Mead, Marr, Larkin and Jerry, defendants in Actions # 3 and # 4, are Commissioners of the PSC, a defendant in Actions # 1 and # 2; defendant Crary, named in Actions # 3 and # 4, is a Staff Attorney with the PSC; AT&T and NYT are defendants in all four actions; and the New York Attorney General is named in Actions # 1, # 2, and # 4.

order to price the competitive terminal equipment offered by HYT to the public "below cost." North also alleged that these "overcharges" constituted the "taking of private property for public use without just compensation" in violation of the Constitution of the United States. He contended that as a result of the aforementioned "crimes" committed by defendants, he had sustained "severe mental anguish" and permanent "personal injury," and he sought compensatory and punitive damages in the sum of $36 million dollars. The New York State Attorney General was also made a defendant in the case, although North did not claim that he had been a participant in the alleged conspiracy.

Defendants moved to dismiss Actions # 1 and # 2, and on September 25, 1980, Judge Conner granted the motion. North's motion for reconsideration was denied. No appeal was taken.

■ In Actions # 3 and # 4 before me North asserts several causes of action in two seventy-two page complaints. He again seeks damages and injunctive relief under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, for alleged violations of the Sherman Act and Robinson-Patman Act. He also alleges causes of action for denial of his right to equal protection of the laws, for unlawful wiretapping of his phones, for infliction of mental anguish, for loss of employment, and for unlawful agreements in restraint of trade in violation of New York's Donnelly Act.[4]

It is clear from a review of the plethora of papers submitted by plaintiff that approximately half of each of the redundant complaints in Actions # 3 and # 4 is a restatement, with substantial elaboration, of the very same causes of action plaintiff asserted in Actions # 1 and # 2. The remainder of the allegations in Actions # 3 and # 4 have been lifted nearly *in haec verba* from the complaint in *Litton Systems, Inc., et al. v. American Telephone and Telegraph Company, et al.*, 76 Civ. 2512, although plaintiff has altered the language in places to reflect his substitution for Litton as plaintiff.

■ All of these allegations, whether from plaintiff's prior actions or the *Litton* complaint, clearly arise from the alleged overcharges for telephone service that gave rise to the causes of action plaintiff asserted in Actions # 1 and # 2. Those claims that Judge Conner dismissed in the first two actions, specifically, the wiretapping claim, the alleged conspiracy to restrain trade, the predatory pricing claim, and the alleged infliction of mental anguish, obviously are barred from relitigation by the *res judicata* effect of Judge Conner's dismissal of plaintiff's complaints in Actions # 1 and # 2. *E.g., Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464 (3d Cir. 1950), *cert. denied*, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951).[5] In addition, *res judicata*

4. North also renews his application for Rule 60 relief from Judge Conner's judgments in Actions # 1 and # 2. Among the reasons that I decline to entertain this application are these: 1) a disappointed litigant may not resort to the equitable provisions of Rule 60 as a substitute for appeal, *e.g., Eutectic Corporation v. Metco, Inc.*, 597 F.2d 32, 34 (2d Cir. 1979); 2) Judge Conner's denials of plaintiff's earlier Rule 60 motions are *res judicata* of this subsequent, independent action seeking the same relief, *Locklin v. Switzer Brothers, Inc.*, 335 F.2d 331 (7th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 652, 13 L.Ed.2d 557 (1965); and 3) under the Local Rules of this Court, S.D.N.Y. R. Div. Bus. 4(B), and as a matter both of discretion and comity, a request for Rule 60 relief should be presented to the judge from whose decision relief is sought, and, in this case, Judge Conner has several times adjudged the application to

be meritless. *See United States for Use and Benefit of Mosher Steel Company v. Fluor Corp.*, 436 F.2d 383 (2d Cir. 1970), *cert. denied, American Export Industries, Inc. v. Fluor Corp.*, 402 U.S. 945, 91 S.Ct. 1623, 29 L.Ed.2d 114 (1971); *Winfield Associates, Inc. v. W. L. Stonecipher*, 429 F.2d 1087 (10th Cir. 1970); *Coleman v. Patterson*, 57 F.R.D. 146 (S.D.N.Y. 1972).

5. With respect to the defendants named only in Actions # 3 and # 4, the doctrine of collateral estoppel prevents North from prosecuting the causes of action that were dismissed in Actions # 1 and # 2. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *United Federation of Teachers Welfare Fund v. Kra-*

binds the parties as to issues which might have been raised in the first actions but were not, *Browning Debenture Holders' Committee v. DASA Corp.,* 605 F.2d 35, 39 (2d Cir. 1978), especially where, as here "[t]he events constituting [plaintiff's] asserted injury are substantially the same in the two [sets of] cases ... [and] [a]ll the facts necessary to support [the] claims in the second action[s] were alleged or could have been alleged in the first." *Schmieder v. Hall,* 545 F.2d 768, 771 (2d Cir. 1976), cert. denied, 430 U.S. 955, 97 S.Ct. 1601, 51 L.Ed.2d 805 (1977).

■ In the balance of the claims in Actions # 3 and # 4, plaintiffs complain of the very same injury, seek virtually the same relief, and plead the same factual predicate or transaction as in Actions # 1 and # 2.[6] The mere fact that plaintiffs have conceived some new legal theories in which to clothe the same facts and events that gave rise to the first two actions will not affect the *res judicata* question. It is "the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Expert Electric, Inc. v. Levine,* 554 F.2d 1227, 1234 (2d Cir.), cert. denied, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). Accordingly, Judge Conner's dismissal of the first two actions is *res judicata* as to the balance of the claims now before me.[7]

■ In addition to the dismissal of the two instant actions, defendants also seek a permanent injunction prohibiting North and his various defunct businesses from instituting any similar actions against defendants in the future. This Court has the authority under the All Writs Act, 28 U.S.C. § 1651(a), and Rule 65, Fed. R. Civ. P., to grant such an injunction, *e.g., Browning Debenture Holders' Committee v. DASA Corp., supra; Ward v. Pennsylvania New York Central Transportation Co.,* 456 F.2d 1046 (2d Cir. 1972); *Kane v. City of New York,* 468 F.Supp. 586 (S.D.N.Y.), aff'd, 614 F.2d 1288 (2d Cir. 1979), although one must keep in mind that "access to the Courts is one of the cherished freedoms of our system of government." *Ex parte Tyler,* 70 F.R.D. 456, 457 (E.D. Mo. 1976). Accordingly, the use of an injunction to bar persistent litigants from court should be reserved for the prevention of repetitious, baseless, or harassing lawsuits. *E.g., Browning Debentures Holders' Committee v. DASA Corp., supra.*

Plaintiff Joel North filed five separate actions in the Southern District of New York over the course of little more than one year. All five complaints are substantially identical, and in each case plaintiff sought to rectify the injury he claims to have suffered as a result of the price he had to pay for telephone service. Prior to his federal actions, plaintiff pursued the Bell system

marsky, 451 F.Supp. 333 (S.D.N.Y.1978). Alternatively, however, each of the new defendants is sufficiently closely related to one or more of the defendants in Actions # 1 and # 2, see n. 3, *supra,* that they all can invoke *res judicata* as a defense to the claims in the instant action. *Gambocz v. Yelencsics,* 468 F.2d 837, 841 (3d Cir. 1972); *Raitport v. Commercial Banks Located Within this District as a Class,* 391 F.Supp. 584 (S.D.N.Y.1975).

6. Plaintiffs also allege a conspiracy to restrain trade in and monopolize the market for the manufacture, distribution, sale, rental, and purchase of telephone terminal equipment. In so doing, plaintiffs have simply reproduced the complaint in the *Litton* case in an effort to capitalize on the success the *Litton* plaintiffs have had in their antitrust action against the Bell system. The effort fails; plaintiffs clearly lack standing to challenge the allegedly anti-

competitive conduct of defendants. *E.g., Jeffrey v. Southwestern Bell,* 518 F.2d 1129 (5th Cir. 1975). In the words of one Ninth Circuit panel, "not only were [plaintiffs] not targets of the alleged conspiracy, they were not even on the firing range." *In re Multidistrict Vehicle Air Pollution,* 481 F.2d 122, 129 (9th Cir.), cert. denied, 414 U.S. 1045, 94 S.Ct. 551, 38 L.Ed.2d 336 (1973). Thus, insofar as plaintiffs in Actions # 3 and # 4 seek to allege new causes of action arising from alleged antitrust violations with respect to telephone terminal equipment, they lack standing to do so, and their complaints fail to state a claim upon which relief can be granted.

7. Plaintiffs are barred by both *res judicata* and collateral estoppel from litigating these remaining claims against the new, related defendants. See note 5, *supra.*

defendants in New York State proceedings, first in three administrative proceedings conducted by defendant PSC and then in the New York courts, where he unsuccessfully sought review of the PSC's decision rejecting his challenge of NYT's rate schedules. *Forbes Personnel, Inc. v. Public Service Commission and New York Telephone Company*, 74 A.D.2d 690, 425 N.Y.S.2d 657 (3d Dep't 1980).

Plaintiff then carried his attack on the telephone company's rate structure to the federal system, where he stated his grievances in the language of the antitrust acts, the Omnibus Crime Control and Safe Streets Act of 1968, the Constitution of the United States, and the common law. Judge Conner dismissed all of these claims, some of them on the ground that they already had been litigated in state court. Thus, when plaintiff filed Actions # 3 and # 4, he was attempting to right the same perceived wrong that he previously had attempted to right in three state administrative, one state judicial, and two federal judicial proceedings. To be sure, as plaintiff made his way from one proceeding to the next, his papers increased in both sophistication and volume. Nevertheless, they continued to repeat the same cause of action, thereby vitiating the protection conferred upon victorious litigants by the doctrines of *res judicata* and collateral estoppel: "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and ... minimiz[es] the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–4, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979) (footnote omitted).

■ It is clear from a view of the documentary debris floating in the wake of plaintiff's voyage upon the judicial seas that "the courts are being used as a vehicle of harassment by a 'knowledgeable and articulate experienced *pro se* litigant' who asserts the same claims repeatedly in slightly altered guise, ...." *Kane v. City of New York, supra*, 468 F.Supp. at 590, quoting from *Kane v. Graubard, Moskovitz, McGoldrick, Dannett & Horowitz*, 442 F.Supp. 733, 735 (S.D.N.Y.1977). Such an abuse of the judicial system, notwithstanding what may be plaintiff's subjective conviction that he has suffered an unremedied injury, is not permitted.[8] Accordingly, plaintiff Joel North and any and all of the entities through which he did business, whether heretofore fellow plaintiffs or not, are hereby enjoined from instituting any further action or actions in any court against any party arising from the facts or events or based upon any claim that gave rise to the complaints in any of Actions # 1 through # 5 in this District Court or any previous complaint.

■ Defendants also seek an award of attorneys fees on the ground that plaintiff has acted vexatiously and in bad faith. Under the criteria established in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) and *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078 (2d Cir. 1977), defendants are clearly entitled to such an award. Accordingly, defendants may submit affidavits as to said fees. Plaintiff is directed to respond thereto, particularly as to his financial condition.

The complaints under consideration are dismissed with costs and disbursements to defendants, with the determination of attorneys' fees to be considered hereafter. All other relief is denied.

The Foregoing is

SO ORDERED.

---

**8.** Plaintiff's statement in motion papers filed in Action # 3 on May 27, 1981 that "[a]ny party to this proceeding including defendants and the court that believes that Joel North will not continue to pursue these issues to a final conclusion ... to a final win on behalf of Joel North ... underestimates the persistence of Joel North [,]" supports my conclusion that the dismissal of Actions # 3 and # 4 is no more likely to give defendants the repose to which they are entitled than were the dismissals of North's previous actions.